IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.

KATHLEEN PASSIDOMO, in her official capacity as President of the Florida Senate, *et al.*,

   *Defendants*.

Case No. 8:24-cv-879-CEH-TPB-ALB

_____/

## PLAINTIFFS' RESPONSE TO SECRETARY OF STATE'S MOTION FOR LEAVE TO FILE A REPLY

Defendant Secretary of State Cord Byrd (hereinafter the "Secretary") filed a Motion for Leave to File a Reply in support of Defendants' Motion to Dismiss Plaintiffs' Complaint (hereinafter "Motion for Leave") (ECF No. 30). Plaintiffs file this response in opposition because the Motion for Leave fails to show good cause.

The Motion for Leave asserts: "Plaintiffs introduced a *new contention* in their response in opposition: that they are pursuing a *Shaw*-style sorting claim, and not a vote-dilution claim." (ECF No. 30 at 2) (emphasis added). But Plaintiffs' Complaint stated on page one that "[t]his action challenges two Florida Senate Districts . . . as racially gerrymandered in violation of the Fourteenth Amendment." (ECF No. 1 at 1.) Paragraph ten of the Complaint cites to *Shaw v. Reno*, 509 U.S. 630 (1993). (ECF No. 1 at 5.)  For whatever reason, the Secretary's Motion to Dismiss (ECF No. 19) failed to make any argument that Plaintiffs had not properly alleged a Fourteenth

1

Amendment racial gerrymandering claim under *Shaw* even though the Complaint explicitly stated that Plaintiffs were challenging Florida Senate districts as racially gerrymandered under *Shaw*. Having declined to do so in the Motion to Dismiss, the Secretary should not be permitted to raise such an argument for the first time in a reply.

"The purpose of a reply is to address legal argument raised in the opposing party's response, not to introduce new information for the Court's consideration that was not initially included, for whatever reason." *Clements v. St. Johns Cty. Sheriff's Off.*, No. 3:07-cv-1017-J-25JRK, 2008 WL 11336601, at *2 (M.D. Fla. Dec. 5, 2008). The Motion for Leave suggests that the Secretary intends to raise a new argument for the first time in a reply, *i.e.*, that Plaintiffs have failed to state a Fourteenth Amendment racial gerrymandering claim. The Motion for Leave mislabels Plaintiffs' claim as a "new contention" and asks to "respond to this new contention," using the euphemisms "sort out the allegations," "discuss the relevant standards," and "more fulsome discussion on Plaintiff's contention" (ECF No. 30 at 2). But the Motion for Leave promises nothing else besides seven pages of argument that Plaintiffs have not stated a Fourteenth Amendment claim for racial gerrymandering, which is argument that the Secretary could have made in his original Motion to Dismiss. Where a motion for leave to file a reply fails to point to new material warranting a response, good cause is not shown. *See Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537, 2011 WL 2729145, at *2 (M.D. Fla. Jul. 13, 2011).

Granting the Motion for Leave would also be improper because Plaintiffs would be denied the opportunity to respond to what is, in fact, a new argument in support of

dismissal presented for the first time in a reply. *See, e.g.*, *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003) (finding that the district court "abused its discretion to the extent it relied on new evidentiary materials presented for the first time in" a summary judgment reply brief); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (determining that the district court should have given the nonmoving party an opportunity to respond to new evidence raised in the reply to a motion for summary judgment). This could theoretically be cured by allowing Plaintiffs a sur-reply, but that practice "creat[es] multiple documents for the Court to consider and wast[es] all parties' time and effort in preparing and reviewing original submissions." *Clements*, 2008 WL 11336601, at *2.

For these reasons, Plaintiffs respectfully request the court to deny the Motion for Leave.

Respectfully submitted May 8, 2024,

 /s/ Caroline A. McNamara 

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602

*\* Special Admission*

(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*Counsel for Plaintiffs*