UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *ET AL.*,

    Plaintiffs,

v.                                          Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, *ET AL.*,

    Defendants.

_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 5/17/2024. Nicholas Warren, James M. Shaw Jr., Daniel Nordby, Carlos Rey, Mohammad O. Jazil, and Michael Beato attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 5/31/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 7/16/2024 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 6/24/2024 |
| | Defendant | 9/24/2024 |
| | Rebuttal | 10/24/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 12/31/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 1/31/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | | 5/9/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 5/9/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 5/16/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 5/23/2025 |
| Month and year of the trial term. | | June 2025 |

The trial will last approximately 4–5 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

Plaintiffs assert one claim under 42 U.S.C. § 1983 alleging that Florida Senate Districts 16 and 18 are racially gerrymandered in violation of the Equal Protection Clause of the U.S. Constitution.

4. **Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

   B.  Discovery may be needed on these subjects:
   - Whether race predominated in the drawing of the challenged districts;
   - Whether the use of race was narrowly tailored to a compelling interest;
   - The administrability of a remedial decree;
   - Affirmative defenses; and
   - Alternative or demonstrative maps.

   C.  Discovery should be conducted in phases:

   ☒ No.
   ☐ Yes; describe the suggested phases.

   D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

   ☒ No.
   ☐ Yes; describe the issue(s).

   E.  ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

   F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

   ☒ No.
   ☐ Yes; describe the stipulation.

4

### 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

### 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

### 12. Signatures

| /s/ Nicholas L.V. Warren | /s/ Mohammad O. Jazil |
|---|---|
| Nicholas L.V. Warren (FBN 1019018)<br>**ACLU Foundation of Florida**<br>1809 Art Museum Drive, Suite 203<br>Jacksonville, FL 32207<br>(786) 363-1769<br>nwarren@aclufl.org<br><br>Daniel B. Tilley (FBN 102882)<br>Caroline A. McNamara (FBN 1038312)<br>**ACLU Foundation of Florida**<br>4343 West Flagler Street, Suite 400<br>Miami, FL 33134<br>(786) 363-2714<br>dtilley@aclufl.org<br>cmcnamara@aclufl.org<br><br>Deborah N. Archer*<br>David Chen*<br>**Civil Rights & Racial Justice Clinic**<br>**Washington Square Legal Services, Inc.**<br>245 Sullivan Street<br>New York, NY 10012<br>(212) 998-6473<br>deborah.archer@nyu.edu | Bradley R. McVay (FBN 79034)<br>brad.mcvay@dos.myflorida.com<br>Joseph S. Van de Bogart (FBN 84764)<br>joseph.vandebogart@dos.myflorida.com<br>Ashley Davis (FBN 48032)<br>ashley.davis@dos.myflorida.com<br>**FLORIDA DEPARTMENT OF STATE**<br>R.A. Gray Building<br>500 S. Bronough St.<br>Tallahassee, FL 32399<br>(850) 245-6536<br><br>Mohammad O. Jazil (FBN 72556)<br>mjazil@holtzmanvogel.com<br>Michael Beato (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>**HOLTZMAN VOGEL BARAN**<br>**TORCHINSKY & JOSEFIAK**<br>119 S. Monroe St. Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938 |

| | |
|---|---|
| davidchen@nyu.edu<br><br>James Michael Shaw, Jr. (FBN 677851)<br>Naomi Robertson (FBN 1032076)<br>**Butler Weihmuller Katz Craig LLP**<br>400 North Ashley Drive, Suite 2300<br>Tampa, FL 33602<br>(813) 281-1900<br>jshaw@butler.legal<br>nrobertson@butler.legal<br><br>* *Special Admission*<br><br>*Counsel for Plaintiffs* | *Counsel for Defendant Secretary of State Cord Byrd*<br><br>*/s/ Daniel Nordby*<br><br>Ricky L. Polston (FBN 648906)<br>Daniel E. Nordby (FBN 14588)<br>Alyssa L. Cory (FBN 81977)<br>Kassandra S. Reardon (FBN 1033220)<br>**Shutts & Bowen LLP**<br>215 South Monroe Street, Suite 804<br>Tallahassee, Florida 32301<br>(850) 241-1717<br>RPolston@shutts.com<br>DNordby@shutts.com<br>ACory@shutts.com<br>KReardon@shutts.com<br><br>Carlos Rey (FBN 11648)<br>**Florida Senate**<br>404 South Monroe Street<br>Tallahassee, Florida 32399<br>(850) 487-5855<br>Rey.Carlos@flsenate.gov<br><br>*Counsel for Defendant Kathleen Passidomo in her official capacity as President of the Florida Senate* |