# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KETO NORD HODGES, et al.,

    *Plaintiffs*,

v.                        Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, et al.,

    *Defendants*.

_____/

## THE SECRETARY'S ANSWER

Defendant Secretary of State Cord Byrd responds to Plaintiffs' complaint. Doc.1. Any allegation not specifically addressed in this answer is denied.

### Prefatory Paragraph

0.     Admitted that the Equal Protection Clause "requires the State's use of race both to be narrowly tailored and to serve a compelling interest." Denied that Districts 16 and 18 are "racially gerrymandered." Denied that District 16 "connect[s] disparate and distinct Black communities" and "pack[s]" black residents together. Denied that "District 18 is artificially stripped of Black residents, diminishing their influence and voice in elections there." Denied that the districts fail strict scrutiny and are unconstitutional. All other allegations in this paragraph are denied.

### Introduction

1.     Admitted.

2. Admitted that Plaintiffs raise a Fourteenth Amendment challenge. Denied that Plaintiffs succeed in their challenge.

3. Admitted.

4. Admitted.

5. Denied that the "Challenged Districts fall far short of" "exacting" constitutional "standard[s]." Otherwise admitted.

6. Denied.

7. Denied.

8. Admitted that adhering to state-constitutional standards is a "laudable" "goal." Otherwise denied.

9. Admitted that the U.S. Constitution requires compelling governmental interests to be narrowly tailored. Otherwise denied.

10. Admitted that a racial gerrymander can "reinforce[] racial stereotypes and threaten[] to undermine our system" of government. But denied that the challenged districts are racial gerrymanders.

11. Denied.

12. Denied.

13. Without knowledge, therefore denied.

14. Denied.

### Parties

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     Without knowledge, therefore denied.

19.     Without knowledge, therefore denied.

20.     Denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge of where Plaintiff Nord and Plaintiff Seymour reside, therefore denied. Denied that their "communities are grouped together solely because of the Legislature's failure to tailor its use of race."

24.     Denied.

25.     Admitted.

26.     Admitted.

## Jurisdiction and Venue

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

## Facts

## I.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted that under the Florida Constitution, tier one requirements take precedence over tier two requirements.

36.     Admitted.

37.     Denied that tier one "incorporates" the vote dilution standard of Section 2 of the Voting Rights Act. Admitted that tier one "prohibit[s] districts from being drawn with the intent or result of denying or abridging the equal opportunity of racial or language minorities to participate in the political process."

38.     Denied that tier one "incorporates" the diminishment or retrogression standard from Section 5 of the Voting Rights Act. Admitted that tier one "prohibit[s] districts drawn to diminish racial or language minorities' ability to elect representatives of their choice," and that this "requirement attempts to eradicate impermissible retrogression in a minority group's ability to elect a candidate of choice."

39.     Admitted.

40.     Admitted that tier two requirements are subordinate to tier one requirements under the Florida Constitution and that tier two "requirements enshrine in the Florida Constitution several race-neutral traditional redistricting principles."

41.     Admitted.

42.     Admitted that to comply with the Florida Constitution, the "Legislature must adhere to the Tier Two requirements, unless doing so would violate a Tier One requirement."

4

43.     Admitted that to comply with the Florida Constitution, the "Legislature can deviate from the Tier Two requirements only to the extent necessary to comply with Tier One's minority-protection provisions."

## II.

## A.

44.     Admitted.

45.     Without knowledge, therefore denied.

46.     Without knowledge, therefore denied.

47.     Without knowledge, therefore denied.

48.     Without knowledge, therefore denied.

49.     Without knowledge, therefore denied.

50.     Without knowledge, therefore denied.

51.     Without knowledge, therefore denied.

52.     Without knowledge, therefore denied.

53.     Without knowledge, therefore denied.

54.     Without knowledge, therefore denied.

55.     Without knowledge, therefore denied.

56.     Without knowledge, therefore denied.

57.     Without knowledge, therefore denied.

58.     Without knowledge, therefore denied.

59.     Without knowledge, therefore denied.

60.     Without knowledge, therefore denied.

61.     Without knowledge, therefore denied.

**B.**

62.     Without knowledge, therefore denied.

63.     Without knowledge, therefore denied.

64.     Without knowledge, therefore denied.

65.     Without knowledge, therefore denied.

66.     Without knowledge, therefore denied.

67.     Without knowledge, therefore denied.

68.     Without knowledge, therefore denied.

69.     Without knowledge, therefore denied.

70.     Without knowledge, therefore denied.

71.     Without knowledge, therefore denied.

72.     Without knowledge, therefore denied.

73.     Without knowledge, therefore denied.

74.     Without knowledge, therefore denied.

75.     Without knowledge, therefore denied.

76.     Without knowledge, therefore denied.

77.     Without knowledge, therefore denied.

**C.**

78.     Without knowledge, therefore denied.

79.     Without knowledge, therefore denied.

80.     Without knowledge, therefore denied.

81.    Admitted.

82.    Without knowledge, therefore denied.

83.    Without knowledge, therefore denied.

84.    Without knowledge, therefore denied.

85.    Without knowledge, therefore denied.

86.    Without knowledge, therefore denied.

87.    Admitted.

88.    Without knowledge, therefore denied.

89.    Without knowledge, therefore denied.

90.    Without knowledge, therefore denied.

91.    Admitted.

92.    Admitted.

## III.

93.    Without knowledge, therefore denied.

94.    Without knowledge, therefore denied.

95.    Without knowledge, therefore denied.

96.    Denied.

97.    Admitted that "circumstantial evidence of" "districts' shape and demographics" can "point to racial predominance," but denied that the challenged districts' shape and demographics point to racial predominance in their drawing. Admitted that Figure 3 illustrates the challenged districts' boundaries. Otherwise denied.

7

98.    Admitted that no "bridge connects" the "two" "areas of land" together, and that an individual can't "drive or walk from one part of the district to another." Otherwise denied.

99.    Admitted that the challenged districts split some political subdivisions, but denied that the splits are based on racial lines.

100.    Denied.

101.    Without knowledge, therefore denied.

102.    Admitted that District 16 contains land areas on both sides of Tampa Bay, but denied that its drawing was done for racial or unconstitutional reasons.

## IV.

103.    Admitted that when race predominates, strict scrutiny applies. Denied that race predominated here, and denied that strict scrutiny should apply.

104.    Denied.

105.    Without knowledge, therefore denied.

106.    Without knowledge, therefore denied.

107.    Admitted that the Florida Legislature, in drawing districts, had to comply with the state and federal constitutions; otherwise denied.

108.    Without knowledge, therefore denied.

109.    Without knowledge, therefore denied.

110.    Without knowledge, therefore denied.

111.    Without knowledge, therefore denied.

112.    Without knowledge, therefore denied.

113.   Without knowledge, therefore denied.

114.   Without knowledge, therefore denied.

115.   Without knowledge, therefore denied.

116.   Without knowledge, therefore denied.

117.   Without knowledge, therefore denied.

118.   Without knowledge, therefore denied.

119.   Without knowledge, therefore denied.

120.   Without knowledge, therefore denied.

121.   Without knowledge, therefore denied.

122.   Without knowledge, therefore denied.

123.   Without knowledge, therefore denied.

124.   Without knowledge, therefore denied.

125.   Denied.

126.   Admitted that Plaintiffs provide data; otherwise denied.

127.   Admitted that Plaintiffs provide data; otherwise denied.

128.   Without knowledge, therefore denied.

129.   Without knowledge, therefore denied.

130.   Without knowledge, therefore denied.

131.   Denied.

132.   Denied.

## Claim for Relief

## Count One

133.    The Secretary realleges and incorporates by reference all prior paragraphs of this answer.

134.    Admitted.

135.    Admitted.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

## Prayer for Relief

Wherefore,

A.     Denied that Plaintiffs are entitled to the relief in this paragraph.

B.     Denied that Plaintiffs are entitled to the relief in this paragraph.

C.     Denied that Plaintiffs are entitled to the relief in this paragraph.

D.     Denied that Plaintiffs are entitled to the relief in this paragraph.

E.     Denied that Plaintiffs are entitled to the relief in this paragraph.

F.     Denied that Plaintiffs are entitled to the relief in this paragraph.

## Affirmative Defenses

1.     If race predominates whenever the Florida Legislature complies with or attempts to comply with the Fair Districts Amendments, as Plaintiffs seemingly

contend, then the Fair Districts Amendments violate the Fourteenth Amendment to the U.S. Constitution, principles of federalism, and principles of equal sovereignty; the Fair Districts Amendments lack a record of race-based problems that justify the need for their race-based solutions.

2. Plaintiffs fail to state a claim for racial predominance under the Fourteenth Amendment.

3. There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

4. Plaintiffs fail to allege any basis upon which injunctive relief would be available from this Court.

5. The Secretary reserves the right to identify additional affirmative defenses.

Dated: May 28, 2024                    Respectfully submitted,

Bradley R. McVay (FBN 79034)           /s/ Mohammad O. Jazil
brad.mcvay@dos.myflorida.com           Mohammad O. Jazil (FBN 72556)
Joseph S. Van de Bogart (FBN 84764)    mjazil@holtzmanvogel.com
joseph.vandebogart@dos.myflorida.com   Michael Beato (FBN 1017715)
Ashley Davis (FBN 48032)               mbeato@holtzmanvogel.com
ashley.davis@dos.myflorida.com         zbennington@holtzmanvogel.com
FLORIDA DEPARTMENT OF STATE            HOLTZMAN VOGEL BARAN
R.A. Gray Building                     TORCHINSKY & JOSEFIAK
500 S. Bronough St.                    119 S. Monroe St. Suite 500
Tallahassee, FL 32399                  Tallahassee, FL 32301
(850) 245-6536                         (850) 270-5938

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 28, 2024, I electronically filed the foregoing with the Clerk

of Court by using CM/ECF, which automatically serves all counsel of record for the

parties who have appeared.

<u>/s/ Mohammad O. Jazil</u>
Mohammad O. Jazil.