IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.

KATHLEEN PASSIDOMO, in her official capacity as President of the Florida Senate, *et al.*,

   *Defendants*.

_____/

Case No. 8:24-cv-879

**PLAINTIFFS' MOTION TO STRIKE
SECRETARY OF STATE'S AFFIRMATIVE DEFENSES**

Plaintiffs move to strike Secretary of State Cord Byrd's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Specifically, Plaintiffs submit that all the Secretary's affirmative defenses are either legally insufficient and/or confuse the issues, and should be struck or treated as specific denials.

**STATEMENT OF THE CASE**

Plaintiffs' Complaint states a claim for racial gerrymandering. ECF No. 1. In response, Secretary of State Cord Byrd raised five affirmative defenses:

1. If race predominates whenever the Florida Legislature complies with or attempts to comply with the Fair Districts Amendments, as Plaintiffs seemingly contend, then the Fair Districts Amendments violate the Fourteenth Amendment to the U.S. Constitution, principles of federalism, and principles of equal sovereignty; the Fair Districts Amendments lack a record of race-based problems that justify the need for their race-based solutions.

2. Plaintiffs fail to state a claim for racial predominance under the Fourteenth Amendment.

1

3. There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

4. Plaintiffs fail to allege any basis upon which injunctive relief would be available from this Court.

5. The Secretary reserves the right to identify additional affirmative defenses.

ECF No. 35 at 10–11. For the reasons stated below, these are not legally sufficient affirmative defenses.

### MEMORANDUM OF LAW

**I.     Legal Standard**

"A true affirmative defense is 'one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters.'" *Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, 2017 WL 3037637, at *1 (M.D. Fla. June 27, 2017), *report and recommendation adopted*, 2017 WL 3034077 (M.D. Fla. July 18, 2017) (quoting *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). Here, an affirmative defense to a claim of racial gerrymandering would need to take the form of: "Yes, the districts are racially gerrymandered, but Plaintiffs are not entitled to the relief that they seek because of this other reason."

A defense that merely points out a defect in the plaintiff's prima facie case is not an affirmative defense. *In re Rawson Food Serv.*, 846 F.2d 1343, 1349 (11th Cir. 1988). "Affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses." *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla. 2013) (citing *Home Design Serv. Inc. v. Park Square Enter., Inc.*, 2005 WL 1027370,

at *7 (M.D. Fla. May 2, 2005).

Like complaints, affirmative defenses "are subject to the general pleading requirements of Rule 8," *Burns v. City of Cape Coral*, 2011 WL 2222169, at *1 (M.D. Fla. June 7, 2011), and "are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a)," *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (quotation omitted). Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Pujals*, 777 F. Supp. 2d at 1327 (quoting *Blount v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:10-cv-1151, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011)). "Also, an affirmative defense may be stricken if it has 'no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Hallmark Ins. Co.*, No. 6:16-cv-2063, 2017 WL 3037637, at *2 (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)). Invalid defenses are disfavored because they "clutter the docket; they create unnecessary work, and . . . require significant unnecessary discovery." *Castillo v. Roche Lab'ys Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010) (citation and alterations omitted).

## II. First Affirmative Defense

The Secretary of State pleads the following first "affirmative defense:"

If race predominates whenever the Florida Legislature complies

> with or attempts to comply with the Fair Districts Amendments, as Plaintiffs seemingly contend, then the Fair Districts Amendments violate the Fourteenth Amendment to the U.S. Constitution, principles of federalism, and principles of equal sovereignty; the Fair Districts Amendments lack a record of race-based problems that justify the need for their race-based solutions.

ECF No. 35 at 10–11.

This affirmative defense is invalid as a matter of law. It does not "admit[] the essential facts of [the] complaint and set[] up other facts in justification or avoidance." *Will*, 647 F. Supp. at 547. Rather, the this defense hypothesizes as to how the Secretary might respond to a legal argument that Plaintiffs are not making and that appears nowhere in their Complaint. And in mischaracterizing Plaintiffs' allegations, it borders on the impertinent. Plaintiffs' Complaint does not allege that race predominates whenever the Legislature complies with the Fair Districts Amendments, nor do Plaintiffs present a claim under the Fair Districts Amendments. Plaintiffs' claim is under the Fourteenth Amendment. The validity of the Fair Districts Amendments is not before the Court, so it is not a legal defense to Plaintiffs' action that the Fair District Amendments are invalid, as this defense hypothesizes.

Because the Secretary's statement is an invalid defense incurable through re-pleading, confuses the actual issues in this case, and prejudices Plaintiffs, it should be struck with prejudice. *See Pujals*, 777 F. Supp. 2d at 1330 (striking affirmative defense asserting a legal argument that responded to allegations the plaintiffs did not make); *Losada*, 296 F.R.D. at 691 (striking with prejudice an assertion that was "not an appropriate affirmative defense in the instant case").

### III. Second, Third, and Fourth Affirmative Defenses

The Secretary's next three "affirmative defenses" are reprinted here for ease of reference:

> 2. Plaintiffs fail to state a claim for racial predominance under the Fourteenth Amendment.
>
> 3. There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.
>
> 4. Plaintiffs fail to allege any basis upon which injunctive relief would be available from this Court.

ECF No. 35 at 11.

These, too, are not proper affirmative defenses; they allege defects in Plaintiffs' case but do not allege excuse, justification, or other negating matters, as affirmative defenses must do. "These defenses are, in effect, denials because they allege defects in plaintiff's prima facie case." *Burns*, 2011 WL 2222169, at *1 (citing *Rawson Food*, 846 F.2d at 1349); *see also Pujals*, 777 F. Supp. 2d at 1328, 1333 (treating as denials defenses that the plaintiff did not state a claim and did not sufficiently plead the elements required for injunctive relief).

"[W]hen a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim, but rather to treat it as a specific denial.'" *Burns*, 2011 WL 2222169, at *1 (cleaned up) (quoting *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 (S.D. Fla. July 31, 2009)). Plaintiffs therefore request that the Court treat the Secretary's second, third, and fourth affirmative defenses as specific denials to Plaintiffs' factual allegation of their prima facie case, *i.e.*, that race predominated in the drawing of the Challenged Districts.

5

### IV. Fifth Affirmative Defense

It is unnecessary to reserve the right to amend affirmative defenses. Rule 15 sets forth the procedure for amending an answer. Reserving the right to do so is not necessary, nor does it dispense with the necessity of seeking leave under Rule 15. Accordingly, the Secretary's last "affirmative defense" is not a defense at all and should be struck as surplusage.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the Secretary of State's first and fifth affirmative defenses and construe his second, third, and fourth affirmative defenses as specific denials.

### Local Rule 3.01(g) Certification

Plaintiffs' counsel conferred with counsel for the Secretary of State by telephone and counsel for the Senate President by email. Both Defendants oppose the relief requested by this motion.

Respectfully submitted June 18, 2024,

 /s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu

**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org


\* *Special admission*

davidchen@nyu.edu

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*Counsel for Plaintiffs*