**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KETO NORD HODGES, et al.,

    *Plaintiffs*,

    v.                             Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, et al.,

    *Defendants*.

_____/

**THE SECRETARY'S RESPONSE IN**
**<u>OPPOSITION TO MOTION TO STRIKE</u>**

A motion to strike is a drastic remedy and is highly disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Plaintiffs' motion to strike the Secretary's affirmative defenses fails to cross the high bar for the relief they seek. Doc.39. This Court should deny the motion.

**A. The First Affirmative Defense.** The Secretary's first affirmative defense concerns the Fair Districts Amendments of the Florida Constitution. The affirmative defense, simply put, states that complying with the Fair Districts Amendments would violate the federal constitution *if* the legislature's attempts to comply with the State Constitution result in race predominating in the drawing of districts.

In their motion, Plaintiffs contend that their complaint "does not allege that race predominates whenever the Legislature complies with the Fair Districts Amendments," that they don't "present a claim under the Fair Districts

Amendments," and that the issues concerning the Fair Districts Amendments just aren't at play in this case. *Id.* at 4. Plaintiffs thus conclude that the Secretary's first affirmative defense is not an "affirmative defense to a claim of racial gerrymandering," which, according to Plaintiffs, "would need to take the form of: 'Yes, the districts are racially gerrymandered, but Plaintiffs are not entitled to the relief that they seek because of this other reason.'" *Id.* at 2.  That gets things wrong.

Consider Plaintiffs' allegations. Plaintiffs say that "[i]n developing the Challenged Districts," two Florida Senate districts in Southwest Florida, "the Legislature elevated race above all other considerations." Doc.1 ¶ 6. According to Plaintiffs, "[l]egislators and their staff purportedly drew these districts in a race-predominant manner to avoid the diminishment of Black voters' ability to elect representatives of their choice in District 16, as the Fair Districts Amendment to the Florida Constitution requires. Fla. Const. art. III, § 21(a)." *Id.* ¶ 7 (footnote omitted). Though "a laudable and constitutional goal" and "a compelling governmental interest," *id.* ¶ 8, Plaintiffs allege that "[t]he Legislature failed to narrowly tailor its use of race to compl[y] with Fair Districts," *id.* ¶ 9. In the complaint section titled "Racial Considerations Predominated in the Drawing of the Challenged Districts," Plaintiffs reiterate that "the Legislature's predominant goal in drawing the Challenged Districts was to avoid diminishing Black voters' ability-to-elect in District 16"—i.e., complying with the Fair Districts Amendments—"a laudable goal, as long as the use of race was appropriately tailored." *Id.* ¶ 93; *see also id.* ¶¶ 104, 137.

A fair reading of Plaintiffs' allegations is that race predominates when the legislature draws districts to comply with the Florida Constitution's non-diminishment standard. It's a "laudable and constitutional goal," a "compelling governmental interest" even, but it needs to be "narrowly tailored." *Id.* ¶¶ 8-9.[1] Here, Plaintiffs say, the legislature erred in failing to narrowly tailor its efforts to comply with the Fair Districts Amendments, entitling them to relief under the U.S. Constitution. *Id.* ¶¶ 9, 136-39. That relief is drawing race-conscious districts in Southwest Florida—districts where race predominates because the legislature is trying to comply with the Fair Districts Amendments—but that are narrowly tailored to achieve that end as in the alternatives the Plaintiffs put forward. *See id.* ¶¶ 109-32.

Such relief is unavailable under the Secretary's first affirmative defense. The Secretary maintains that if race predominates merely because the legislature attempts to comply with the Fair Districts Amendments, then the Fair Districts Amendments'

---

[1] Discovery also makes this point clear. Most of Plaintiffs' discovery requests to the Secretary concern the Fair Districts Amendments. The Secretary didn't attach the requests to this motion, because this Court's discovery handbook suggests that filing such requests is disfavored. M.D. Fla. Disc. § 1(C). If asked to provide the requests, the Secretary would comply.

But for present purposes, consider a few requests for admission to the Secretary: "[a]dmit that Article III, Section 21 of the Florida Constitution prohibits Black voters' ability to elect representatives of their choice from being diminished from their ability in Benchmark Senate District 19 in the Senate plan in effect from 2016–2022," or "[a]dmit that Article III, Section 21 of the Florida Constitution requires a Senate district in which Black voters have an ability to elect representatives of their choice in Hillsborough County," or "[a]dmit that Article III, Section 21 of the Florida Constitution requires a Senate district in which Black voters have an ability to elect representatives of their choice in Hillsborough or Pinellas Counties." Pls. First Set of RFA Nos. 1, 2, 5 (June 21, 2024).

race-based provisions violate the Fourteenth Amendment to the U.S. Constitution, violate principles of federalism, and violate principles of equal sovereignty. Unlike the Voting Rights Act, for example, there's no record of a race-based problem that establishes the need for the Fair Districts Amendments' race-based solution.

As such, the Secretary's first affirmative defense does what Plaintiffs suggest an affirmative defense should do: it says "[y]es, the districts are racially gerrymandered, but Plaintiffs are not entitled to the relief that they seek because of this other reason." Doc.39 at 2. The affirmative defense concerns a key aspect of Plaintiffs' case. Plaintiffs aren't prejudiced by the affirmative defense, because the Secretary carries the burden of proving it. *See generally Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). The affirmative defense, moreover, "puts into issue relevant and substantial legal and factual questions," which makes the affirmative defense "sufficient" and defeats "a motion to strike." *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

**B. The Second, Third, and Fourth Affirmative Defenses.** The Secretary's next three affirmative defenses contend that Plaintiffs failed to state a claim, that Plaintiffs shouldn't be awarded attorneys' fees or costs, and that injunctive relief isn't warranted.

Plaintiffs don't ask this Court to strike these affirmative defenses. Doc.39 at 5-6. Instead, they ask this Court to treat the affirmative defenses as specific denials. Doc.39 at 5-6.

The Secretary is fine with treating these affirmative defenses as specific denials. And the Secretary agrees that striking these affirmative defenses is inappropriate. *See,*

*e.g.*, *GS Holistic, LLC v. Kinder Combs 7 LLC*, No. 3:22-cv-1206, 2023 U.S. Dist. LEXIS 135404, at \*3-5 (M.D. Fla. June 21, 2023) (denying, in part, a motion to strike, and construing affirmative defenses as specific denials); *Aspen Am. Ins. Co. v. Tasal, LLC*, No. 6:20-cv-875, 2021 U.S. Dist. LEXIS 205764, at \*17-18, (M.D. Fla. Feb. 5, 2021) (same).

**C. The Fifth Affirmative Defense.** The Secretary's last affirmative defense reserves the right to amend his affirmative defenses and identify additional defenses.

Plaintiffs argue that this affirmative defense is "surplusage" and should be struck. Doc.39 at 6.

Plaintiffs, however, fail to identify any case where a court struck such an affirmative defense. *Id*. Courts, in fact, have denied motions to strike similar affirmative defenses. *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 321-22 (S.D. Fla. 2018); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-cv-61716, 2013 U.S. Dist. LEXIS 60009, at \*15-16 (S.D. Fla. Apr. 26, 2013). This Court should accordingly deny Plaintiffs' request to strike this affirmative defense.

*   *   *

All told, this Court should deny Plaintiffs' motion.

Respectfully submitted,

Bradley R. McVay (FBN 79034)                    /s/ Mohammad O. Jazil
brad.mcvay@dos.myflorida.com                    Mohammad O. Jazil (FBN 72556)
Joseph S. Van de Bogart (FBN 84764)             mjazil@holtzmanvogel.com
joseph.vandebogart@dos.myflorida.com            Michael Beato (FBN 1017715)
Ashley Davis (FBN 48032)                        mbeato@holtzmanvogel.com
ashley.davis@dos.myflorida.com                  zbennington@holtzmanvogel.com
FLORIDA DEPARTMENT OF STATE                     HOLTZMAN VOGEL BARAN
R.A. Gray Building                              TORCHINSKY & JOSEFIAK
500 S. Bronough St.                             119 S. Monroe St. Suite 500
Tallahassee, FL 32399                           Tallahassee, FL 32301
(850) 245-6536                                  (850) 270-5938

July 2, 2024

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 2, 2024, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

<u>/s/ Mohammad O. Jazil</u>
Mohammad O. Jazil.