UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KETO NORD HODGES, MEIKO SEYMOUR, JARVIS EL-AMIN, JENNIFER GARCIA and JACQUELINE AZIS,

    Plaintiffs,

v.                                      Case No: 8:24-cv-879-CEH-UAM

KATHLEEN PASSIDOMO and CORD BYRD,

    Defendants.

## ORDER

This matter comes before the Court on the Motion to Strike Secretary of State's Affirmative Defenses (Doc. 39) by Plaintiffs Keto Nord Hodges, *et al.*, and the Response in Opposition (Doc. 41) by Defendant Secretary of State Cord Byrd ("the Secretary"). Plaintiffs move under Federal Rule of Civil Procedure 12(f) to strike the Secretary's affirmative defenses as legally insufficient or invalid, or to have them treated as specific denials.

Upon review and consideration, the Court will deny the motion to the extent it moves to strike the affirmative defenses, and grant the unopposed request to treat the second, third, and fourth affirmative defenses as specific denials.

## DISCUSSION

In this action, Plaintiffs allege that two Florida Senate districts are racially gerrymandered in violation of the Fourteenth Amendment. *See* Doc. 1. Specifically, they argue that Defendants' predominant use of race in drawing the districts, which was done to comply with the Fair Districts Amendment to the Florida Constitution, was not narrowly tailored to serve a compelling interest. *Id.* Defendants, the President of the Florida Senate and the Florida Secretary of State, have filed Answers to the Complaint. Docs. 35, 36. Plaintiffs now move to strike or treat as specific denials the five affirmative defenses in the Secretary's Answer pursuant to Rule 12(f). Doc. 39.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking matters from a pleading is a "drastic remedy" that is "disfavored." *Thompson v. Kindred Nursing Centers E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Indeed, motions to strike "are often considered time wasters" and "will usually be denied." *U.S. ex rel. Chabot v. MLU Svcs., Inc.*, 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (quotation omitted); *Thompson*, 211 F.Supp.2d at 1348.

Here, Plaintiffs have failed to establish that the Secretary's affirmative defenses are legally insufficient, redundant, prejudicial, or bear no possible relationship to the controversy. *See*, *e.g.*, *Kazak v. Truist Bank*, No. 2:23-CV-40-SPC-KCD, 2024 WL 987359, *2 (M.D. Fla. Mar. 7, 2024); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012); *Reyher v. Trans*

*World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  To the extent the motion requests that the affirmative defenses be stricken, it is due to be denied.

With respect to the second, third, and fourth affirmative defenses, the parties agree that they should be treated as specific denials rather than stricken. *See* Doc. 39 at 5; Doc. 41 at 4-5; *U.S. Commodity Futures Trading Comm'n v. Montano*, No. 6:18-cv-1607, 2019 WL 568393, *1 (M.D. Fla. Feb. 1, 2019) ("Affirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken.") (citations omitted).  Plaintiffs' request to treat these defenses as specific denials is therefore due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Strike Secretary of State's Affirmative Defenses (Doc. 39) is **GRANTED-IN-PART AND DENIED-IN-PART**.  It is granted to the extent that the Secretary of State's second, third, and fourth affirmative defenses will be treated as specific denials.  It is otherwise denied.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties, if any