IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.       Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, *etc.*, *et al.*,

    *Defendants*.

_____/

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
SECRETARY OF STATE'S FIRST REQUESTS FOR ADMISSIONS**

Plaintiffs respond and object to the Secretary of State's First Requests for Admissions, as follows:

1. **Admit that, for a legislative district to comply with the non-vote-dilution provision, race must predominate its drawing.**

   **Response:** Plaintiffs object on the grounds that this request seeks the admission of a pure legal conclusion.

2. **Admit that, for a legislative district to comply with the non-diminishment provision, race must predominate its drawing.**

   **Response:** Plaintiffs object on the grounds that this request seeks the admission of a pure legal conclusion.

3. **Admit that members or officers of the American Civil Liberties Union of Florida discussed redistricting with members of the state legislature during the 2022 redistricting cycle.**

   **Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and (2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

4. **Admit that members or officers of the American Civil Liberties Union of Florida discussed redistricting with Matthew Isbell during the 2022 redistricting cycle.**

1

**Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and (2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

5. **Admit that members or officers of the American Civil Liberties Union of Florida encouraged Matthew Isbell to participate in the 2022 redistricting cycle.**

   **Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and (2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

6. **Admit that members of the American Civil Liberties Union of Florida discussed the 2022 redistricting cycle with Barbara Pariente.**

   **Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and (2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

Dated July 22, 2024.

/s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

\* *Special admission*

Deborah N. Archer\*
David Chen\*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*Counsel for Plaintiffs*