IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KETO NORD HODGES, et al.,

   *Plaintiffs*,

v.                                            Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, et al.,

   *Defendants*.
_____/

## **THE SECRETARY'S MOTION FOR A RULE 26(c) PROTECTIVE ORDER**

Defendant Secretary of State Cord Byrd files another discovery motion. This time, it's to prevent Plaintiffs from deposing his 30(b)(6) representative at the ACLU's Tallahassee office. Because Plaintiffs' position is substantially unjustified, the Secretary seeks fees under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5).

### Background

The Department of State, which the Secretary oversees, is headquartered at the R.A. Gray Building, 500 South Bronough Street, Tallahassee, Florida 32399. *See also* Fla. Stat. § 15.01 (describing the Secretary's duties).

On October 1, 2024, Plaintiffs noticed a "deposition of the Florida Department of State pursuant to Federal Rule of Civil Procedure 30(b)(6)" "on December 2, 2024" "at the offices of the ACLU of Florida, 336 East College Avenue, Suite 203, Tallahassee, Florida 32301." **Attachment 1** (notice).

1

Counsel for the Secretary conferred with counsel for Plaintiffs. Counsel for the Secretary offered alternative deposition locations: the R.A. Gray Building, the Holtzman Vogel Tallahassee office (where some of his counsel work), and Zoom (which is the agreed upon method for taking expert depositions in this case). **Attachment 2** (redacted email correspondence); **Attachment 3** (expert deposition notices). Counsel for Plaintiffs rejected all of the alternative locations. They stated that it would be more convenient for their attorneys to have the deposition at the ACLU Tallahassee office. No other reason for the preferred location was provided.

## Argument

Federal Rule of Civil Procedure 26(c)(1)(B) allows a court, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" "specifying" the "time and place" of discovery. The civil rules, however, don't specify where depositions are to take place, including 30(b)(6) depositions.

"Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the case[ law] indicate[s] that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection[,] the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience." *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970).

The same is true with corporate defendants: it's "well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 652 (5th Cir. 1979) (cleaned up).[1] This general rule also applies to governmental entities. *See Miles v. Unites States*, 2015 U.S. Dist. LEXIS 188960, at *32-38 (M.D. Fla. Oct. 19, 2015) (the United States).

Depositions of corporate defendants thus could and should be taken at their principal place of business—at their corporate building. *See generally Sanders v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 190714, at *1-3 (N.D. Fla. June 29, 2015); *Simkins Corp. v. Wahnschaff Corp.*, 1986 U.S. Dist. LEXIS 29816, at *4 (E.D. Pa. Jan. 31, 1986).

So strong is this general rule, that it "create[s] a presumption that the corporation has good cause for a protective order" when "a deposition is noticed to be taken at a location other than the corporation's principal place of business." *Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999).[2] "In order to

---

[1] *See also Canupp v. Liberty Behavioral Healthcare Corp.*, 2006 U.S. Dist. LEXIS 102586, at *6 (M.D. Fla. Aug. 4, 2006) ("The deposition for a corporation generally occurs at the corporation's principal place of business."); 7 Moore's Fed. P. – Civil § 30.20[1][iii] ("The deposition of a corporation through its officers or agents normally must be taken at its principal place of business, at least when the corporation is not the plaintiff and did not choose the forum for the lawsuit or was not forced to commence litigation at a location away from its headquarters.").

[2] *See also Miles*, 2015 U.S. Dist. LEXIS 188960, at *36 (same); *Simpkins*, 1986 U.S. Dist. LEXIS 29816, at *3 ("Defendant has not submitted evidence, by affidavit or otherwise, which would tend to establish 'annoyance, embarrassment, oppression,

3

overcome this presumption, the party noticing the deposition must demonstrate that considerations of cost, convenience, and litigation efficiency dictate taking the deposition at an alternate location." *Miles*, 2015 U.S. Dist. LEXIS 188960, at *36.

Here, the R.A. Gray Building is the principal place of business of the Department of State. That makes it the presumptively appropriate location to have the deposition of the Secretary's 30(b)(6) representative. Plaintiffs, however, haven't overcome that presumption. They only justified the ACLU Tallahassee office as being more convenient for their attorneys. That's simply not good enough. No "unusual," *Grey*, 315 F. Supp. at 832, or outweighing "considerations of cost, convenience, and litigation efficiency" were provided, *Miles*, 2015 U.S. Dist. LEXIS 188960, at *36.

Plaintiffs may also argue that they read the applicable cases differently—that they get to depose a corporate defendant *in any location in the judicial district* where the corporate defendant resides. But that can't be right. It wouldn't make sense for case law to afford corporate defendants a broad deposition-location presumption, only to have that presumption fall just short of the corporate headquarter doors. Plus, "[i]f the parties cannot agree upon the location of a party's deposition, courts presume it will proceed at the deponent's residence, business, or employment." *Miles*, 2015 U.S. Dist. LEXIS 188960, at *36. Here, that's the R.A. Gray Building.

---

or undue burden or expense.' Fed. R. Civ. P. 26(c). But the law has established a presumption in cases such as this one, and plaintiff has not shown any reason why I should disturb that presumption now.").

4

Simple facts remain. The R.A. Gray Building is more convenient for the corporate deponent (who would work in the building), and for the Secretary's counsel (most of whom work in the building). Plaintiffs are already willing to travel to Tallahassee for the deposition, but they fail to provide any outweighing reason why the ACLU Tallahassee office is a better location. As such, the deposition should take place in the R.A. Gray Building.

Plaintiffs' position is substantially unjustified. The Secretary therefore seeks reasonable expenses under Rule 26(c)(3) and 37(a)(5).

*   *   *

The Secretary asks this Court to grant his motion, prevent Plaintiffs from deposing his representative at the ACLU Tallahassee office, and assess reasonable expenses against Plaintiffs.

<table>
<tr><td>October 10, 2024</td><td>/s/ Michael Beato<br>Mohammad O. Jazil (FBN 72556)<br>mjazil@holtzmanvogel.com<br>Michael Beato (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK PLLC<br>119 South Monroe Street, Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938<br><br>Bradley R. McVay (FBN 79034)<br>brad.mcvay@dos.myflorida.com<br>Joseph S. Van de Bogart (FBN 84764)<br>joseph.vandebogart@dos.myflorida.com<br>Ashley Davis (FBN 48032)<br>ashley.davis@dos.myflorida.com<br>FLORIDA DEPARTMENT OF STATE<br>R.A. Gray Building<br>500 S. Bronough St.<br>Tallahassee, FL 32399<br>(850) 245-6536<br><br>*Counsel for the Secretary*</td></tr>
</table>

## Local Rule 3.01(g) Certification

I certify that I corresponded with opposing counsel through email, **Attachment 2**, and during a phone conversation on October 8, 2024. Both parties reached an impasse as to the deposition location.

/s/ Michael Beato

## Certificate of Compliance

I certify that this motion complies with the typography requirements of Local Rule 1.08, and that it complies with Local Rule 3.01(a)'s page requirements.

/s/ Michael Beato

## Certificate of Service

I certify that on October 10, 2024, the foregoing was electronically served on all counsel of record.

/s/ Michael Beato