| | |
|---|---|
| **From:** | David Chen |
| **To:** | Michael Beato |
| **Subject:** | Re: Hodges v. Passidomo: Meet and Confer |
| **Date:** | Tuesday, October 8, 2024 12:12:07 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

Thanks, Michael. We are at an impasse. Plaintiffs maintain that the ACLU of Florida's Tallahassee office is an appropriate location for the deposition.

David

On Tue, Oct 8, 2024 at 10:09 AM Michael Beato <mbeato@holtzmanvogel.com> wrote:

> Thanks again for the call, David.
>
> Again, to avert motion practice, I will compromise with a Zoom deposition.
>
> Let me know Plaintiffs' position.
>
> **Michael Beato**
> *Associate*
> **Holtzman Vogel**
> Office:   850.270.5938
> Mobile:   561.724.3883
> mbeato@HoltzmanVogel.com // www.HoltzmanVogel.com
>
> **From:** David Chen <davidchen@nyu.edu>
> **Sent:** Tuesday, October 8, 2024 9:58 AM
> **To:** Michael Beato <mbeato@holtzmanvogel.com>
> **Cc:** Nicholas Warren <NWarren@aclufl.org>; Alyssa Cory <acory@shutts.com>; Shutts - KReardon <kreardon@shutts.com>; rpolston@shutts.com; Carlos Rey <Rey.Carlos@flsenate.gov>; Mohammad O. Jazil <mjazil@holtzmanvogel.com>; DOS - Ashley Davis <ashley.davis@dos.myflorida.com>; brad.mcvay@dos.myflorida.com; DOS - Joseph VandeBogart <joseph.vandebogart@dos.myflorida.com>; Zack Bennington <zbennington@holtzmanvogel.com>; Carrie McNamara <CMcNamara@aclufl.org>; James Shaw <jshaw@butler.legal>; DNordby@shutts.com
> **Subject:** Re: Hodges v. Passidomo: Meet and Confer
>
> Good morning Michael,
>
> Regarding the scheduling of the Secretary's 30(b)(6), we still maintain that the ACLU of Florida's Tallahassee office is an appropriate location.
>
> We do not read the law on 30(b)(6) to require depositions to be taken at the corporation's specific office building. At most, it states that such depositions should ordinarily be taken in the same locality as the corporation, and as such, any office in the downtown Tallahassee area would suffice.

Thanks,
David

On Thu, Oct 3, 2024 at 3:47 PM Michael Beato <mbeato@holtzmanvogel.com> wrote:

Understood, David.

[REDACTED]

And as for the deposition location, the "deposition of a corporation through its officers or agents normally must be taken at its principal place of business." 7 Moore's Fed. P. – Civil § 30.20[b][ii]; *see also Canupp v. Liberty Behav. Healthcare Corp.*, 2006 U.S. Dist. LEXIS 102586, at *5-6 (M.D. Fla. Aug. 4, 2006) ("The deposition for a corporation generally occurs at the corporation's principal place of business." (citing cases)); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is well settled that (t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant.").

**Michael Beato**
*Associate*
**Holtzman Vogel**
Office:  850.270.5938
Mobile: 561.724.3883
mbeato@HoltzmanVogel.com // www.HoltzmanVogel.com

**From:** David Chen <davidchen@nyu.edu>
**Sent:** Thursday, October 3, 2024 2:32 PM
**To:** Michael Beato <mbeato@holtzmanvogel.com>
**Cc:** Nicholas Warren <NWarren@aclufl.org>; Alyssa Cory <acory@shutts.com>; Shutts - KReardon <kreardon@shutts.com>; rpolston@shutts.com; Carlos Rey <Rey.Carlos@flsenate.gov>; Mohammad O. Jazil <mjazil@holtzmanvogel.com>; DOS - Ashley Davis <ashley.davis@dos.myflorida.com>; brad.mcvay@dos.myflorida.com; DOS - Joseph VandeBogart <joseph.vandebogart@dos.myflorida.com>; Zack Bennington <zbennington@holtzmanvogel.com>; Carrie McNamara <CMcNamara@aclufl.org>; James Shaw <jshaw@butler.legal>; DNordby@shutts.com
**Subject:** Re: Hodges v. Passidomo: Meet and Confer

Good afternoon Michael,

[REDACTED]

> As to the deposition location, could you elaborate on the basis for why you do not think it's appropriate to hold it at ACLU of Florida's Tallahassee's office?
>
> Best,
>
> David Chen
>
> On Wed, Oct 2, 2024 at 10:53 AM Michael Beato <mbeato@holtzmanvogel.com> wrote:
>> Good morning, David,
>>
>> [redacted]
>>
>> As one final point, I ask that for depositions—for both the individual plaintiffs and for defense

corporate representatives—that we be mindful of where those depositions are taking place. As for our corporate representative, I don't think it's appropriate to have that deposition in the ACLU's Tallahassee location; I'd ask that it be either at the Department of State or HV's Tallahassee office.

 **Michael Beato**
*Associate*
Tallahassee, FL
m 561.724.3883
o 850.270.5938
email  bio  in

 **Holtzman Vogel**
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC

DC • VA • FL • AZ • NY   holtzmanvogel.com  

**PRIVILEGED AND CONFIDENTIAL**
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above email address. Thank you.

**DISCLAIMER**
Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. If desired, Holtzman Vogel Baran Torchinsky & Josefiak PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis. Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.