**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.

KATHLEEN PASSIDOMO, in her official
capacity as President of the Florida Senate,
*et al.*,

    *Defendants*.

_____/

Case No. 8:24-cv-879

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SECRETARY
OF STATE'S MOTION FOR A RULE 26(c) PROTECTIVE ORDER**

Plaintiffs oppose Defendant Secretary of State's Motion for a Rule 26(c)
Protective Order (ECF No. 54) ("Motion"), and state as follows:

**BACKGROUND**

Plaintiffs sue the President of the Florida Senate and the Florida Secretary of
State, both in their official capacities. Beginning in mid-September, the Parties'
counsel worked to schedule a Rule 30(b)(6) deposition of the Department of State. The
Secretary's counsel eventually proposed a December 2, 2024 date at the office of the
Secretary's counsel's firm, Holtzman Vogel, in Tallahassee. Exhibit 1 (redacted email
correspondence) at 2. Plaintiffs' counsel replied, stating they would notice the
deposition at Plaintiffs' counsel's office, the ACLU of Florida—around the corner
from Holtzman Vogel. *Id.* at 1. The Secretary's counsel insisted they would "make our
witness available at our office." *Id.*

1

After Plaintiffs noticed the deposition (ECF No. 54-1), the Secretary's counsel again insisted on holding it at Holtzman Vogel, or alternatively the Department of State's office (also in downtown Tallahassee). ECF No. 54-2 at 3–4. Plaintiffs' counsel explained the ACLU of Florida office was an appropriate location. *Id.* at 1. The parties' lawyers then conferred by telephone. On that call, the Secretary's counsel insisted the deposition be held at Holtzman Vogel. The Secretary's counsel did not mention the Department of State as a proposed location on that call.

In email follow-up, the Secretary's counsel requested Plaintiffs' position on his Motion, and Plaintiffs again maintained the ACLU of Florida's office was an appropriate location. ECF No. 54-2 at 1. The Secretary then filed his Motion, asserting the deposition should be held at the Department of State's R.A. Gray Building.

### LEGAL STANDARD

Rule 26(c) provides that, "for good cause," a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "To establish 'good cause' for a protective order . . . , the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1251 (11th Cir. 2020) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)); *see also Brooks v. Brooks Consultants, Inc.*, No. 6:22-CV-669-WWB-LHP, 2023 WL 3764820, at *1 (M.D. Fla. May 3, 2023) (finding defendants failed to show good cause for moving depositions from location plaintiff chose unilaterally, even after plaintiff agreed to hold depositions at another location).

"The Federal Rules of Civil Procedure . . . do not mandate a particular situs for a deposition." *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 584 (N.D. Fla. 2019) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 236 (1991)). As a general rule, "the examining party may set the place for the deposition of another party wherever he or she wishes." 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2112 at 403 (1970). At the same time, this court has presumed that "a non-resident corporate defendant should be deposed in its principal place of business." *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-CV-1216-T-TBM, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007).

> This presumption may be overcome upon a showing of various factors, including the location of counsel for the parties, the number of corporate representatives a party is seeking to depose, whether the deponents often travel for business purposes, and the equities regarding the nature of the claim and relationship of the parties, and the financial burden on the corporation designating the representative.

*Id.* Even for the deposition of a corporate defendant, "[u]ltimately, the location of the deposition is in [the court's] discretion." *Barrocos of Fla., Inc. v. Elmassian*, No. 11-CV-22393, 2012 WL 1657204, at *1 (S.D. Fla. May 10, 2012) (cleaned up).

## ARGUMENT

The Secretary argues that the principal place of business presumption applies, and that "principal place of business" means the specific office building where the Department of State is headquartered. Mot. at 3–4. This is not the law. Rather, courts applying the presumption require corporations to be deposed in the *vicinity* of the

corporate headquarters, for instance a city, state, or judicial district.[1]

One of the Middle District cases the Secretary cites exemplifies this point. In *Canupp v. Liberty Behavioral Healthcare Corp.*, the court recognized the "principal place of business" presumption applied, but nevertheless *denied* the defendant's motion for a protective order, allowing the plaintiffs to depose the defendant at an office "within easy distance of corporate headquarters." No. 2:04-CV-260-FTM-99DNF, 2006 WL 8426427, at *1 n.1 & *2 (M.D. Fla. Aug. 4, 2006). Plaintiffs' proposed deposition location is likewise "within easy distance of corporate headquarters"—700 yards from the Department of State's office.

But even if the Court accepts the Secretary's narrow reading of "principal place of business" to mean "corporate office building," "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business," *Barrocos of Fla.*, 2012 WL 1657204, at *2 (citation omitted), and Plaintiffs overcome the presumption here. The relevant factors laid out in cases like *LeBlanc* point to

---

[1]   *See, e.g.*, *Salter v. Upjohn Co.*, 593 F.2d 649, 652 (5th Cir. 1979) (finding plaintiff must depose corporate defendant "in Kalamazoo"); *McCreight v. AuburnBank*, No. 3:19-CV-865-MHT-SMD, 2020 WL 13002712, at *2–4 (M.D. Ala. Nov. 18, 2020) (requiring depositions of corporate defendant and non-parties who "work or live in the Auburn, Alabama area" "to occur in Auburn"); *David Antoniono Invs., Inc. v. Hutchens*, No. 15-61233-CIV-ZLOCH, 2017 WL 10942695, at *2 (S.D. Fla. Mar. 9, 2017) (ordering Williamsville, New York-based corporate defendant to appear for deposition "in Williamsville, NY"); *Miles v. United States*, No. 3:14-CV-360-MCR-CJK, 2015 WL 11109793, at *11 (N.D. Fla. Oct. 19, 2015) (requiring depositions of various 30(b)(6) representatives "*in the primary locale* of their work or residence" (emphasis added)); *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *1 (S.D. Fla. Aug. 3, 2011) ("[T]he default rule in federal procedure is that a defendant . . . has the right to insist on being deposed *in its home forum* where it is headquartered." (emphasis added)); *LeBlanc*, 2007 WL 2446900, at *3 (granting corporate defendant's motion to hold deposition "in the Southern District of Ohio, where [the defendant's] corporate office is located"); *Chris-Craft Indus. Prod., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 608–09 (N.D. Ill. 1999) (ordering that depositions of Japan-based corporation's employees "shall take place in Osaka, Japan" and depositions of New York-based subsidiary's employees "shall take place in New York, New York").

Plaintiffs' proposed location being appropriate:

1. **The location of counsel for the parties:** The Secretary's counsel need only walk around the corner, while Plaintiffs' counsel has agreed to travel to Tallahassee from Miami, Tampa, Jacksonville, and/or New York.[2]

2. **The number of corporate representatives a party is seeking to depose:** The Secretary will designate a single 30(b)(6) representative. Mot. at 5.

3. **The likelihood of significant discovery disputes arising necessitating resolution by the forum court:** Inapplicable, as the Parties agree the deposition should take place in Tallahassee.

4. **Whether the deponent often travels for business:** Also inapplicable, as the deponent need only travel a few blocks from their workplace.

5. **The equities regarding the nature of the claim and relationship of the parties:** Plaintiffs are individual residents of this District. The Department of State is a government agency headquartered in the Northern District of Florida. Plaintiffs may very well be entitled to depose the Secretary in the Middle District. *See* Middle District Civil Discovery Handbook, Part II.A.3. ("[A] non-resident defendant who intends to be present in person at trial may be deposed at least once in this district during discovery.") The equities

---

[2] The Secretary wrongly claims that the only reason given for Plaintiffs' choice of location was that "it would be more convenient for their attorneys." Mot. at 2, 4. Plaintiffs' counsel stated that Plaintiffs had the prerogative to notice the deposition at a location of their choice, that the Tallahassee location was chosen for convenience, and that the Secretary would not be inconvenienced as it was in the vicinity of his offices.

suggest the Secretary should yield to the Plaintiffs' choice of a conveniently located office a stone's throw from his corporate headquarters.

**6. The financial burden on the corporation designating the representative:**

None. [3]

The Court is well within its discretion to find the presumption overcome here. This is especially so because the Secretary has failed to come forward with the "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," that a protective order requires. *Chiquita Brands*, 965 F.3d at 1251. Indeed, courts routinely require corporations to sit for depositions in much less convenient locations. [4]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny the Secretary's Motion. Because the Secretary's position—objecting to a deposition at a law office a couple blocks from his preferred location—is not substantially justified,

---

[3]   Notably, "courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship." *S. Seas Catamaran, Inc. v. Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 n. 5 (D.N.J. 1988)), *aff'd*, 993 F.2d 878 (3d Cir. 1993) (table).

[4]   *See, e.g.*, *Afram Exp. Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1985) (affirming district court's decision permitting deposition of Greek corporate defendant in United States, given "the absence of any special showing of hardship"); *EEOC v. Pac. Sunwear of Cal., LLC*, No. 3:18-CV-863-J-39JRK, 2019 WL 13215050, at *1 (M.D. Fla. June 3, 2019) (finding California corporate defendant could be deposed in this District); *Morera v. GeoVera Specialty Ins. Co.*, No. 2:18-CV-607-FTM-38UAM, 2019 WL 5085257, at *2 (M.D. Fla. Apr. 9, 2019) (same); *United States v. $2,000,000.00 in U.S. Currency*, No. 6:12-CV-1279-ORL-18KRS, 2013 WL 12161888, at *2 (M.D. Fla. Dec. 10, 2013) (finding Mexican business entity could be deposed in British Virgin Islands); *West v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2010 WL 11482532, at *2 (M.D. Fla. July 12, 2010) (finding out-of-state corporate defendant could be deposed at plaintiffs' counsel's Florida office); *Culpepper v. Mr. Rooter of Lee Cnty., Inc.*, No. 06-80660-CIV, 2007 WL 9701830, at *1 (S.D. Fla. June 5, 2007) (finding Lee County-based corporate defendant "will suffer no burden" from being deposed in Weston).

Plaintiffs request the Court require the Secretary to pay Plaintiffs' expenses incurred in opposing the Motion under Rule 37(a)(5)(B). Should the Court grant the Motion, because Plaintiffs' opposition is substantially justified, the Court should decline to award expenses.

Respectfully submitted October 21, 2024,

 */s/ Caroline A. McNamara*

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

* *Special admission*

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*Counsel for Plaintiffs*