UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KETO NORD HODGES, et al.,

    Plaintiffs,

v.                          Case No. 8:24-cv-879-CEH-TPB-ALB

KATHLEEN PASSIDOMO, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon the Secretary's Motion Regarding the Sufficiency of Plaintiffs' Discovery Objections and Memorandum (Doc. 45) and Plaintiffs' Response in Opposition (Doc. 50). By the Motion, Defendant Secretary of State of Florida Cord Byrd requests this Court issue an order overruling Plaintiffs' objections to Requests 3, 4, and 5 and requiring answers to the Requests. The Court held a hearing on the matter on October 24, 2024 (Doc. 57). For the reasons stated on the record at the hearing and more fully set forth below, the Motion is GRANTED.

At issue are Requests 3, 4, and 5, and Plaintiffs' responses to the requests. The requests and the responses are as follows:

**Request 3:** Admit that members or officers of the American Civil Liberties Union of Florida discussed redistricting with members of the state legislature during the 2022 redistricting cycle.

    **Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and

>(2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

**Request 4:** Admit that members or officers of the American Civil Liberties Union of Florida discussed redistricting with Matthew Isbell during the 2022 redistricting cycle.

>**Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and (2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

**Request 5:** Admit that members or officers of the American Civil Liberties Union of Florida encouraged Matthew Isbell to participate in the 2022 redistricting cycle.

>**Response:** Plaintiffs object on the grounds that this request (1) seeks information that is not relevant to any party's claim or defense, and (2) calls for the admission of information protected by the ACLU of Florida's First Amendment privilege.

Plaintiffs object to each Request for two reasons: (1) the Requests seek information that is not relevant to any party's claim or defense, and (2) the Requests call for the admission of information protected by the ACLU of Florida's First Amendment Privilege.

First, the Court finds the Requests relevant and proportional to the needs of the case. Plaintiffs' racial gerrymandering claim may require an analysis of a non-exhaustive list of factors articulated in *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977). As summarized by the Eleventh Circuit Court of Appeals, the *Arlington Heights* factors include: "(1) the impact of the challenged law; (2) the historical background; (3) the specific sequence of events leading up to its passage; (4) procedural and substantive departures; and (5) the contemporary statements and actions of key legislators." *Jacksonville Branch of NAACP v. City of*

2

*Jacksonville*, 635 F. Supp. 3d 1229, 1244 (M.D. Fla. 2022) (citing *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1321–22 (11th Cir. 2021)). Considering these factors, the Court finds the Requests relevant under Federal Rule of Civil Procedure 26. The Requests' relevance is further emphasized by the allegations in Plaintiffs' Complaint (*see* Doc. 1, at 24–27).

Second, the First Amendment does not entitle Plaintiffs to refuse to answer the Requests. The Requests only seek information regarding external communications; they do not seek internal communications, member lists, or donor lists that may be protected by the First Amendment. *See Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1307 (S.D. Fla. 2021) (emphasizing that the First Amendment privilege is "primarily invoked when a party seeks disclosure of an association's member or donor list" and granting a Motion to Compel where the moving party did not "seek any internal or confidential communications that reflect its members' private views").

Accordingly, it is hereby

ORDERED:

1. The Secretary's Motion Regarding the Sufficiency of Plaintiffs' Discovery Objections and Memorandum (Doc. 45) is GRANTED.

2. Plaintiffs are directed to answer Requests 3, 4, and 5 within seven (7) days of the date of this Order.

DONE AND ORDERED in Tampa, Florida, on this 1st day of November, 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record