IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.

BEN ALBRITTON,[1] in his official capacity
as President of the Florida Senate, *et al.*,

    *Defendants*.
_____/

Case No. 8:24-cv-879

## PLAINTIFFS' MOTION TO ENFORCE LOCAL RULE 4.02(d) REQUIREMENT REGARDING REASONABLE MEDIATION FEE

On November 21, 2024, the Court appointed Michael Hanzman as mediator for this case. ECF No. 67 at 1. Mr. Hanzman has informed the Parties that he would charge a nonrefundable flat fee of $12,500 to mediate this case remotely. Plaintiffs believe such a fee is not "reasonable" under Local Rule 4.02(d), and therefore respectfully request the Court enforce Local Rule 4.02(d) by setting a reasonable mediation fee, appointing a mediator who will charge a reasonable fee, or providing any other relief sufficient to avoid an unreasonable fee.

Because Mr. Hanzman's fee is nonrefundable, Plaintiffs request the Court stay the requirement to set a mediation date until the Court resolves this motion. Defendants do not oppose such a stay, but oppose the other relief requested above.

---

[1] On November 19, 2024, Ben Albritton was elected President of the Florida Senate. Under Federal Rule of Civil Procedure 25(d), President Albritton was automatically substituted as a party in place of his predecessor, Kathleen Passidomo.

# MEMORANDUM OF LAW

Under Local Rule 4.03, the Court may enter an order to refer an action to mediation and may also designate the mediator. Local Rule 4.02(d), in turn, protects parties from having to pay an unreasonable fee for mediation without their consent. That rule provides: "Unless the parties and the mediator agree otherwise, the parties must pay the mediator a reasonable fee, and must bear equally the cost of mediation."

After the Parties were unable to agree on a mediator, the Court selected Mr. Hanzman from a list of names the Parties proposed. ECF No. 67 at 1. The Court directed undersigned counsel to file a notice indicating the date of the mediation by December 5, 2024. *Id.* The undersigned then inquired as to Mr. Hanzman's availability and the fee he expected to charge. Mr. Hanzman informed the Parties that he would charge a nonrefundable flat fee of $12,500 to mediate this case remotely.[2]

---

[2] Local Rule 4.03(d) provides in relevant part that, "[t]o refer an action or claim to mediation, the judge must enter an order that . . . requires the attendance—*in-person unless otherwise agreed by the parties*—of lead counsel [and] the parties . . ." (emphasis added). The Case Management and Scheduling Order, however, provides that "[t]he mediator shall conduct the mediation conference *in the conference room of the mediator's law firm or office*" and "[e]ach attorney acting as lead trial counsel, and each party . . . **shall** attend and participate in the mediation conference *in person*." ECF No. 37 at 11–12 (first and third emphases added).

After the Court subsequently noted it "will consider mediators who are not on the Middle District of Florida's list of certified mediators," ECF No. 46 at 1, the Parties discussed conducting mediation remotely, and agreed to do so. The Parties then proposed mediators located in Miami and Tallahassee.

To the extent remote mediation is not already contemplated by the Court's Order of September 19, 2024 (ECF No. 37 at 11) or Local Rule 4.03(d), Plaintiffs request leave to conduct mediation remotely, to avoid the costs and burdens for the Plaintiffs (if they are required to travel to the mediator's office) or mediator (whose travel costs the Parties would have to reimburse) that in-person mediation would necessitate. Plaintiffs live in Tampa and St. Petersburg; the Defendants are headquartered in Tallahassee. Mr. Hanzman's office is in Miami. Defendants do not oppose remote mediation.

Plaintiffs maintain that such a fee is unreasonable, firstly because of its amount. The three other mediators the Parties proposed to the Court charge hourly rates of $350, $400, and $450. Mr. Hanzman's fee is equivalent to 27.8 to 35.7 hours billed by these other proposed mediators. Moreover, recent mediations in this District have cost a *total* of between $824 to $2,310.[3] In one case in Miami—where Mr. Hanzman works—the combined total cost of *two* court-ordered mediations was $4,676.[4] In light of the fees charged by other qualified mediators in this state and the hourly rates charged by the Parties' other three proposed mediators, a flat $12,500 fee is unreasonable.

The fee is additionally unreasonable because it is nonrefundable. In contrast, the Middle District has found a $1,550 cancellation fee was reasonable. *J & J Sports Prod., Inc. v. Shobola*, No. 8:07-cv-1845-T-33TBM, 2009 WL 10671305, at *1 (M.D. Fla. Oct. 20, 2009), *report and recommendation adopted*, 2009 WL 10671306 (M.D. Fla. Oct. 29, 2009). The Parties will owe eight times that amount should mediation be canceled in this case. Further, a fee unrelated to the amount of time the mediator will spend preparing for and conducting the mediation is not reasonable. *See Caplan v. All*

---

[3] *Borrego v. Geovera Specialty Ins. Co.*, No. 6:22-cv-483-CEM-LHP, 2023 WL 5938234, at *1 (M.D. Fla. Sept. 12, 2023) ($900); *Eaton v. Principal Life Ins. Co.*, No. 8:20-cv-61-KKM-JSS, 2023 WL 5804263, at *9 (M.D. Fla. Aug. 7, 2023) ($2,310); *Gettes v. Carrollwood Vill. Exec. Ctr., LLC*, No. 8:16-cv-829-T-23TBM, 2016 WL 6782779, at *4 (M.D. Fla. Oct. 28, 2016), *report and recommendation adopted*, 2016 WL 6729750 (M.D. Fla. Nov. 15, 2016) ($2,250); *Redish v. Blair*, No. 5:14-cv-260-OC-22PRL, 2015 WL 6688410, at *3 (M.D. Fla. Oct. 30, 2015) ($824).

[4] *Piper Aircraft, Inc. v. Czech Sport Aircraft, A.S.*, No. 12-14107-CIV, 2020 WL 7774743, at *2 (S.D. Fla. Dec. 10, 2020), *report and recommendation adopted*, 2020 WL 7770896 (S.D. Fla. Dec. 30, 2020).

*Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) ("A reasonable attorney's fee . . . is calculated 'by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also In re Brown*, 631 B.R. 77, 94 (Bankr. S.D. Fla. 2021) (finding "the amount of a proposed flat fee must bear some relationship to the work that will likely be required, which inevitably depends on the unique facts and circumstances of the case" (quoting *In re Dabney*, 417 B.R. 826, 831 (Bankr. N.D. Ga. 2009)).

## CONCLUSION

Plaintiffs are committed to mediating in good faith to pursue a resolution of this case without further judicial intervention. But they are unwilling to pay an unreasonable fee to do so. Plaintiffs respectfully request the Court enforce Local Rule 4.02(d)'s reasonable-fee requirement by setting a reasonable mediation fee, appointing a mediator who will charge a reasonable fee, or providing any other relief sufficient to avoid an unreasonable fee. Because Mr. Hanzman's fee is nonrefundable, Plaintiffs also request the Court stay the requirement to set a mediation date until the Court resolves this motion.

## Local Rule 3.01(g) Certification

Plaintiffs' counsel conferred with counsel for the Secretary of State and Senate President by email. Defendants do not oppose staying the requirement to set a mediation date while the Court considers this motion, and do not oppose remote mediation. Defendants oppose the remaining relief requested by this motion.

During their email conferral, the Parties discussed the possibility of dividing the $12,500 mediation fee three ways between Plaintiffs, the Secretary, and the Senate. Such a division would still result in both the Parties as a whole and Plaintiffs as a group paying an unreasonable fee, and so would not be acceptable to Plaintiffs.

Respectfully submitted November 25, 2024,

*/s/ Nicholas L.V. Warren*

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

* *Special admission*

*Counsel for Plaintiffs*

5