# EXHIBIT 27

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KÉTO NORD HODGES, et al.,

    *Plaintiffs*,

v.                                  Case No:  8:24-cv-879

KATHLEEN PASSIDOMO, et al.,

    *Defendants*.

_____/

## PRESIDENT PASSIDOMO'S RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
## ON THE FLORIDA SENATE

      Senate President Kathleen Passidomo, in her official capacity, hereby responds to Plaintiffs' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

      A.    President Passidomo objects to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work-product doctrine, legislative privilege, joint defense privilege, or any other privilege or doctrine available under federal or state law, either statutory, regulatory, constitutional, or common law.

1

B.    President Passidomo objects to the Interrogatories to the extent they impose on her obligations that exceed those imposed by the Federal Rules of Civil Procedure and relevant orders issued in this case.

C.    President Passidomo objects to the Interrogatories to the extent they are overly broad or seek information that is neither relevant to the claim or defense of any party in this action nor proportional to the needs of the case.

D.    President Passidomo objects to the Interrogatories to the extent they are duplicative and cumulative.

E.    President Passidomo objects to the Interrogatories to the extent they necessarily call for a legal conclusion.

F.    President Passidomo's failure to object on a particular ground or grounds shall not be construed as a waiver of her rights to object on any additional grounds.  In making these objections, President Passidomo does not in any way waive or intend to waive any additional objections, but rather intends to preserve and does preserve any additional objections should they become appropriate.

G.    President Passidomo responds to the Interrogatories to the best of her present knowledge, information, and belief.  President Passidomo

continues to investigate the matters that are the subject of this litigation. The responses set forth herein are at all times subject to additional or different information that discovery or further investigation may disclose.

Subject to and without waiving these General Objections, President Passidomo sets forth her responses and objections to the Interrogatories as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** What were the Senate's legitimate political objectives in drawing the 2022 enacted Senate plan?

**The Florida Senate objects to this interrogatory as vague in its use of the term "political objectives." Subject to that objection, the Florida Senate responds as follows:**

**RESPONSE:**

**To the extent the term "political objectives" refers to partisan objectives, the Florida Senate did not have "political objectives" in drawing the 2022 enacted Senate plan, consistent with the Florida Constitution's requirement that no apportionment plan or district be drawn "with the intent to favor or disfavor a political party or an incumbent." The Florida Senate's objectives in drawing the 2022 enacted Senate plan were to comply with applicable provisions of state and federal law in light of then-existing precedent, including the Florida Constitution's requirements that districts be as equal in population as practicable, compact, and use existing political and geographical boundaries where feasible.**

**INTERROGATORY NO. 2:** What were the Senate's legitimate political objectives in drawing District 16 in the 2022 enacted Senate plan?

**The Florida Senate objects to this interrogatory as vague in its use of the term "political objectives." Subject to that objection, the Florida Senate responds as follows:**

**RESPONSE:**

**To the extent the term "political objectives" refers to partisan objectives, the Florida Senate did not have "political objectives" in drawing District 16 in the 2022 enacted Senate plan, consistent with the Florida Constitution's requirement that no apportionment plan or district be drawn "with the intent to favor or disfavor a political party or an incumbent." The Florida Senate's objectives in drawing District 16 in the 2022 enacted Senate plan were to comply with applicable provisions of state and federal law in light of then-existing precedent, including the Florida Constitution's requirements that districts be as equal in population as practicable, compact, and use existing political and geographical boundaries where feasible.**

**INTERROGATORY NO. 3:** What were the Senate's legitimate political objectives in drawing District 18 in the 2022 enacted Senate plan?

**The Florida Senate objects to this interrogatory as vague in its use of the term "political objectives." Subject to that objection, the Florida Senate responds as follows:**

**RESPONSE:**

**To the extent the term "political objectives" refers to partisan objectives, the Florida Senate did not have "political objectives" in drawing District 18 in the 2022 enacted Senate plan, consistent with the Florida Constitution's requirement that no apportionment plan or district be drawn "with the intent to favor or disfavor a political party or an incumbent." The Florida Senate's objectives in drawing District 18 in the 2022 enacted Senate plan were to comply with applicable provisions of state and federal law in light of then-existing precedent, including the**

Florida Constitution's requirements that districts be as equal in population as practicable, compact, and use existing political and geographical boundaries where feasible.

**INTERROGATORY NO. 4:** If there are any items in Plaintiffs' Requests for Admissions Nos. 1–12, 19–22, 27–29, and 33–35 that you did not admit, please set forth, for each such item, the factual reason that you did not admit it, including the names and contact information of all witnesses who are able to testify about such factual bases and listing all documents that support such factual bases.

**RESPONSE:**

Portions of Plaintiffs' Requests for Admission 2-5 were denied because they requested that the Florida Senate admit incorrect statements regarding the requirements imposed by the Florida Constitution.

Portions of Plaintiffs' Requests for Admission 27-29 were denied to accurately reflect the manner in which the Florida Senate considered the historical configuration of pre-existing districts that have been litigated and/or upheld by the courts when drawing the 2022 enacted Senate Plan and its districts.

The Florida Senate was unable to admit or deny the portion of Plaintiffs' Request for Admission 33 related to Chapter 286 of the Florida Statutes because it was unclear which provisions of that chapter—many of which have no relevance to legislative functions—were referenced by the Request.

Plaintiffs' Request for Admission 35 was denied to the extent that voter registration and other data provided by the Florida Department of State was integrated into the Florida Legislature's map drawing software and, to that extent, was used in the drawing of the 2022 enacted Senate map.

Florida Senate employee Jay Ferrin can be made available to testify about this interrogatory response. He may be contacted through counsel.

5

Dated: July 22, 2024

Respectfully submitted,

/s/ Daniel Nordby

| | |
|---|---|
| CARLOS REY (FBN 11648) | RICKY L. POLSTON (FBN 648906) |
| **FLORIDA SENATE** | DANIEL E. NORDBY (FBN 14588) |
| 404 South Monroe Street | ALYSSA L. CORY (FBN 118150) |
| Tallahassee, Florida 32399 | KASSANDRA S. REARDON (FBN 1033220) |
| (850) 487-5855 | **SHUTTS & BOWEN LLP** |
| *Rey.Carlos@flsenate.gov* | 215 South Monroe Street, Suite 804 |
| | Tallahassee, Florida 32301 |
| | (850) 241-1717 |
| | *RPolston@shutts.com* |
| | *DNordby@shutts.com* |
| | *ACory@shutts.com* |
| | *KReardon@shutts.com* |

*Counsel for Kathleen Passidomo,*
*in her official capacity as President of the Florida Senate*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I served this document by email

on all counsel of record.

/s/ Daniel Nordby
Attorney

6

## VERIFICATION

The Florida Senate

By (sign): _____

[Print Name] _JAY  FERRIN_____

STATE OF FLORIDA              )
                              )
COUNTY OF _Leon_____          )

Before me, the undersigned authority, personally came and appeared

_Jay Ferrin_____, who first duly sworn did depose and say that _he_/she

did execute the foregoing answers to Plaintiffs' First Set Interrogatories, and that

the same are true, accurate, and correct to the best of his/her knowledge,

information, and belief.  The foregoing instrument was acknowledged before me

this _27_ day of _December_____, 2024, by _Jay Ferrin_____,

who is _personally known_ to me or who has produced _____ as

identification and who did (_did not_) take an oath.

_____
NOTARY PUBLIC

TIIA J. WILLIAMS
Commission # HH 588626
Expires September 9, 2028

_____
Typed or Printed Name of Notary
My commission expires:_____
Commission No.:_____