UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KETO NORD HODGES,
MEIKO SEYMOUR, JARVIS EL-AMIN,
JENNIFER GARCIA, and
JACQUELINE AZIS,

    Plaintiffs,

v.                                         Case No: 8:24-cv-879-CEH-AEP

BEN ALBITTON and CORD BYRD,

    Defendants.
_____/

## SUMMARY JUDGMENT NOTICE

**To All Parties:**

A motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, has been filed in this case (Docs. 74, 75).  Unless the Court notifies the parties otherwise, there will not be a hearing on this motion; instead, the Court will decide the motion on the basis of the motion, responses, briefs or legal memoranda, and evidentiary materials filed by the parties.  Unless otherwise specifically ordered by the Court, any response to this motion, as well as all supporting evidentiary materials (counter-affidavits, depositions, exhibits, etc**.) must be filed** with the Clerk of this Court **within twenty-one (21) days of service of the motion for summary judgment, unless otherwise ordered by the Court.**  The Court will consider this motion and take the motion under advisement thirty (30) days after the motion is filed.

<u>The following explanatory admonitions are included here for the benefit of pro se parties (i.e., parties not represented by an attorney) who oppose the summary judgment motion.</u>  **In addition to the above paragraph**, you are also advised that, if the Court grants this motion for summary judgment, such would be a **final decision** of the Court in favor of the party filing the motion ("movant'). As a result of such final decision, there would be no trial or other proceedings in this case, and you would likely be precluded from later litigating this matter or any related matters. Therefore, **you are hereby further advised**: (1) failing to respond to this motion will indicate that the motion is not opposed; (2) all material facts asserted by the movant in the motion will be considered to be admitted by you unless controverted by proper evidentiary materials (counter-affidavits, depositions, exhibits, etc.) filed by you; and (3) you may not rely solely on the allegations of the issue pleadings (e.g., complaint, answer, etc.) in opposing the motion. *See Griffith v Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).

FOR THE COURT:

s/ *Charmaine Black*
Deputy Clerk

Dated: January 3, 2025

Copies: All Parties of Record