IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.                                                                                                  Case No. 8:24-cv-879

BEN ALBRITTON, *etc.*, *et al.*,

    *Defendants*.

_____/

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 3.01(i), Plaintiffs give notice of *Cubanos Pa'lante v. Florida House of Representatives*, No. 24-cv-21983-JB, 2025 WL 500904 (S.D. Fla. Feb. 13, 2025) (three-judge court), which supplements their arguments in their Response to Motions for Summary Judgment (ECF No. 80) at p. 13, ll. 4–9; p. 22, ll. 14–17; p. 24, ll. 8–13; p. 31, n.16, ll. 2–5; p. 32, ll. 11–14, and p. 33, ll. 18–21:

> The existence of an alternative map is not a substantive requirement of a racial-gerrymandering claim, because the courts do not force "plaintiffs to submit one particular form of proof to prevail" in equal protection cases. *Cooper* [*v. Harris*], 581 U.S. [285,] 319, 137 S.Ct. 1455 [2017]. In *Alexander*, the Court instead concluded that alternative maps are *helpful* "when the State raises a partisan-gerrymandering defense." 602 U.S. at 9, 144 S.Ct. 1221. In that situation, Plaintiffs' production of an alternative map would "show[ ] that a rational legislature sincerely driven by its professed partisan goals would have drawn a map with greater racial balance." *Id.* at 10, 144 S.Ct. 1221. . . . *Alexander*'s use of alternative maps as an evidentiary bar is easily distinguishable. The Court in *Alexander* considered a "circumstantial-evidence-only" racial-gerrymandering case where an alternative map would be necessary to rebut countervailing inferences that partisan gerrymandering

1

> motivated the South Carolina legislature. *Id.* at 9, 144 S.Ct. 1221. Here, Plaintiffs present both direct and circumstantial evidence for their claim without Defendants having raised a partisan gerrymandering defense.

*Cubanos Pa'lante*, 2025 WL 500904, at *4 n.6.

> For House District 112, Plaintiffs note that the District is 'comprised of two separate pieces' split by the Miami International Airport, and that the only plausible explanation for the division is the "race-based configuration of its neighbor, HD 114.' Similarly, Plaintiffs allege that House District 113's shape is contingent on the "race-based configuration of its neighbor, HD 114. . . . [T]he specific, circumstantial factual allegations Plaintiffs provide for each Challenged House District's shape 'nudge[ ] their claims across the line from conceivable to plausible.'"

*Id.* at *6 (citations omitted).

Respectfully submitted March 4, 2025,

/s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

* *Special admission*

nrobertson@butler.legal

*Counsel for Plaintiffs*