IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, et al.,

   *Plaintiffs*,

v.                                                   Case No. 8:24-cv-879

BEN ALBRITTON, et al.,

   *Defendants*.

_____/

## THE SECRETARY'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER AND LEGAL MEMORANDUM

Though reconsideration of a court order is "an extraordinary remedy," *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993), sometimes it's warranted. It's warranted to "correct" a "clear error" in a court order. *Fla. Coll. of Osteopathic Med. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). And, with respect, there's a clear error in the summary judgment order.

In the narrow tailoring section for district 16, the summary judgment order states that:

> Although the Supreme Court has made a similar assumption that compliance with the federal Voting Rights Act is a compelling interest, the Court held in those cases that the states' districts failed on the narrowly tailoring requirement. That is, the Court assumed a compelling interest, but held that, even with that assumption, the districts were unconstitutional. *The parties have pointed us to no precedent where the*

1

> *Supreme Court has assumed a compelling interest and then held that a state action is constitutional based merely on that assumption.*

Doc.95 at 9 (citations omitted, emphasis added).

But the Secretary cited such a case in his summary judgment motion and reply: *Bethune-Hill v. Virginia State Board of Elections*. Doc.75 at 19 (motion); Doc.83 at 3-4 (reply). There, the Supreme Court considered district 75. 580 U.S. 178, 193 (2017). It "assume[d], without deciding, that the State's interest in complying with the Voting Rights Act was compelling." *Id.* It then decided that narrow tailoring was satisfied, because the state "had sufficient grounds to determine that the race-based calculus it employed in District 75 was necessary to avoid violating §5." *Id.* at 194. The Court so decided, because the state was afforded breathing room in its decision, and it had good reasons, backed by a strong basis in evidence for its decision—a functional analysis of the district and a thoughtful, district-specific legislative debate. *Id.* at 193-96.

That's what the Secretary argued in his summary judgment motion in this case before this Court:

> The State's attempts to comply also compare favorably with other cases. Take *Bethune-Hill v. Virginia State Board of Elections*, for example, where Virginia drew a legislative district with a target BVAP of 55% in its attempt to comply with Section 5 of the Voting Rights Act. 580 U.S. at 193. The Supreme Court assumed such attempted compliance to be a compelling interest, and it went on to conclude that Virginia could draw the district as it did because it performed a "functional analysis" to justify the shape, and the legislative record showed an "informed" discussion of the district, one that "considered turnout rates" and "the results of the recent contested primary and general elections." *Id.* at 193-95. The State of Florida's done much the same, albeit without setting a numeric floor for BVAP.

Doc.75 at 19. (For what it's worth, the Secretary also cited a three-judge district court decision, *Walen v. Burgum*, 700 F. Supp. 3d 759 (D.N.D. 2023), where the court upheld a district map based on narrow tailoring. Doc.75 at 15.)

At base, Plaintiffs don't dispute that complying with the non-diminishment provision is a compelling governmental interest; they say that "[c]omplying with Fair Districts' non-diminishment (or 'non-retrogression') requirement is a compelling governmental interest that could justify race-predominant redistricting." Doc.1 ¶ 8. For the purposes of the summary judgment motion only, the Secretary assumes that it does. The "parties" thus "frame[d] the" summary judgment "issue[]" such that compelling interest is not at issue for summary judgment. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (cleaned up). And because "our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief," this Court need look no further for purposes of the summary judgment motion. *Id.* at 375-76 (cleaned up); *see also id.* ("[W]hen cases arise, courts normally decide only questions presented by the parties." (cleaned up)).

As teed up by the parties at this stage of the proceeding, fully resolving the narrow tailoring issue is appropriate. The Secretary contends that he has the better of the issue and asks this Court to grant the motion for reconsideration and grant his summary judgment motion.

3

<table>
<tr><td>Dated: April 1, 2025</td><td>

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

Bradley R. McVay (FBN 79034)
Joseph S. Van de Bogart (FBN 84764)
Ashley Davis (FBN 48032)
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6536
brad.mcvay@dos.fl.gov
joseph.vandebogart@dos.fl.gov
ashley.davis@dos.fl.gov

*Counsel for the Secretary*

</td></tr>
</table>

**Local Rule 3.01(g) Certification**

I certify that on April 1, 2025, the attorneys for Plaintiffs and the Secretary conferred via electronic mail. The disputes raised in this motion were not resolved. Plaintiffs oppose the Secretary's motion.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

**Certificate of Compliance**

I certify that this motion compiles with the typography requirements of Local Rule 1.08, and that it complies with Local Rule 3.01(a)'s page requirements.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

**Certificate of Service**

I certify that on April 1, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil
