IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.      Case No. 8:24-cv-879

BEN ALBRITTON, *etc.*, *et al.*,

    *Defendants*.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE SECRETARY'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

As the Secretary recognizes, reconsideration of a court order is "an extraordinary remedy." *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Although it may be justified in rare cases to "correct clear error," *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), a reconsideration motion "'may not be used to relitigate old matters.'" *Su v. Loc. 568, Transp. Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1338 (S.D. Fla. 2023) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Clear error occurs only if a court has a "'definite and firm conviction that a mistake has been made.'" *Su*, 699 F. Supp. 3d at 1339 (citing *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). The Secretary identifies no such mistake in the Court's summary judgment order.

The Secretary argues reconsideration is warranted because he claims that in

*Bethune-Hill v. Virginia State Board of Elections*, 580 U.S. 178 (2017), the Supreme Court "assumed a compelling interest and then held that a state action is constitutional based merely on that assumption." ECF 96 at 1–2. The Secretary mischaracterizes that case. Instead, by refusing to address whether adherence to the Voting Rights Act was a compelling interest, the Court chose not to disturb the holding below, in which "the [district] court held that compliance with § 5 [of the Voting Rights Act] was a compelling state interest." 580 U.S. at 186. *Bethune-Hill* was thus not a case in which the Court upheld state action *merely* on an assumption of a compelling interest.[1]

Far from identifying clear error, the Secretary's reconsideration request only rehashes arguments that it meets the narrow tailoring prong of strict scrutiny, quoting extensively from its summary judgment motion. ECF 96 at 2. But Plaintiffs offered multiple reasons why genuine issues of fact remain as to whether Defendants have met their burden. *See* ECF 80 at 20–31. To satisfy narrow tailoring, Defendants must show "that it had 'a strong basis in evidence' for concluding that the statute required its action." *Cooper v. Harris*, 581 U.S. 285, 292 (2017) (quoting *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 278 (2015)). This requires "evidence or analysis supporting [the] claim that the [Fair District Amendments] required" the race-based measures, "much more" than "uncritical" assumptions and "generalizations." *Wis. Legislature v.*

---

[1] Nor did *Walen v. Burgum*, cited by the Secretary, ECF 96 at 3, uphold a district assuming a compelling interest. 700 F. Supp. 3d 759 (D.N.D. 2023), *aff'd in part, appeal dismissed in part*, No. 23-969, 2025 WL 76410 (U.S. Jan. 13, 2025) (mem.). The district court specifically concluded that "one compelling interest is complying with the VRA." *Id.* at 770.

*Wis. Elections Comm'n*, 595 U.S. 398, 403–04 (2022) (per curiam).

Disputes of fact exist as to whether Defendants have met this demanding standard. First, during the redistricting process, when asked whether a map could be drawn that adhered more closely to race-neutral redistricting criteria by not crossing Tampa Bay, the Senate's primary map-drawer asserted that it was impossible to do so without conducting *any* analysis as to whether the assertion was true. ECF 80 at 28–29. His answer was therefore based on improper generalizations rather than the "strong basis in evidence" the Supreme Court requires. *Cooper*, 581 U.S. at 285. Second, as Plaintiffs' alternative maps demonstrate, Defendants could have achieved its interest in avoiding the diminishment of Black voting power through dramatically less racially discriminatory means. ECF 80 at 24–27. The Senate could have readily drawn Senate District 16 to avoid diminishment while also respecting major geographic boundaries like Tampa Bay and adhering to political subdivisions as the Senate's own race-neutral criteria called for. By not doing so, Defendants demonstrate that their use of race was not narrowly tailored.

The Secretary's motion for reconsideration should be denied.

Respectfully submitted April 15, 2025,


/s/ David Chen

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

*\* Special admission*


*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this motion compiles with the typography requirements of Local Rule 1.08, and that it complies with Local Rule 3.01(a)'s page requirements.

*/s/ David Chen*
David Chen

## CERTIFICATE OF SERVICE

I certify that on April 15, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ David Chen*
David Chen
