IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.

BEN ALBRITTON, in his official capacity as President of the Florida Senate, *et al.*,

   *Defendants*.

Case No. 8:24-cv-879-CEH-TPB-ALB

_____/

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE OR LIMIT THE TESTIMONY OF JACQUELINE AZIS

Despite this three-judge panel dismissing Plaintiffs' claim against District 18, Plaintiffs seek to admit the lay witness testimony of Jacqueline Azis—a District 18 resident—in support of their remaining claim against District 16. Plaintiffs appear to want to use Azis (a former ACLU staff attorney and colleague of Plaintiffs' counsel) to provide an improper lay witness opinion as to communities within Pinellas County, something their expert witness was unable to do during his deposition testimony.

Pursuant to Federal Rule of Evidence 701, and in accordance with this Court's Case Management and Scheduling Order, ECF No. 34, Defendants move

to exclude or limit the expected trial testimony of Plaintiffs' witness Jacqueline Azis as improper lay witness opinion. In support, Defendants state as follows:

## Background

The Florida Senate spent months analyzing the 2020 Census population data, drawing and analyzing new district lines, and conducting public committee hearings before unanimously adopting the State Senate Enacted Plan in February 2022. More than two years after its enactment, Plaintiffs sued the Florida Senate and Florida Secretary of State, alleging that State Senate Districts 16 and 18 violated the Equal Protection Clause of the United States Constitution. *See* ECF No. 1. At the time of filing the Complaint, three of the Plaintiffs lived in District 16, and two of the Plaintiffs, including Azis, lived in District 18.

Since then, one of the District 18 Plaintiffs voluntarily dismissed her case, and the three-judge Court dismissed Plaintiffs' claim against District 18. Nonetheless, Plaintiffs seek to have Azis testify at trial in their claim against District 16—even though she does not live within its borders.

At pretrial conferences, the undersigned inquired as to the subject matter or relevance of Azis's testimony. Plaintiffs referred the undersigned to Plaintiffs' initial disclosures, *attached as* ***Exhibit A***.[1] With regard to Azis, Plaintiffs disclosed

---

[1] If Plaintiffs respond to this motion with some other reason as the basis or need for Azis's testimony, Defendants reserve the right to reply with additional argument opposing Plaintiffs' intentions.

2

that she had "information tending to show that the Challenged Districts cause harm to themselves and other residents, and information relating to whether the Challenged Districts are narrowly tailored to a compelling state interest." Ex A. at 1. On April 22, 2025, Plaintiffs stated that Azis would discuss issues that relate to narrow tailoring.

At her deposition, Azis testified that she is the board president for the League of Women Voters for St. Petersburg. *See* deposition of J. Azis, attached as ***Exhibit B***, at 10:4-8. She also was a staff attorney employed by the ACLU of Florida at the time the complaint was filed. *Id.* at 6:20-7:10. Azis's sworn deposition testimony was that she has no information or knowledge regarding racial predominance or gerrymandering. *Id.* at 32:21-33, 35:4-23.

According to Azis, the Florida Legislature should have kept all of St. Petersburg, and all of the surrounding towns and cities, whole within the same district. *Id.* at 32:14-20. She believes that the residents of St. Petersburg who live within District 16 are entitled to a state senator who is focused only on their policy concerns, and not the policy concerns of other communities. *Id.* at 24:12-30:11, 37:15-23.

Azis's opinion is that the Florida Legislature should have enacted district lines that more closely resemble how the League of Women Voters operates. *Id.* at 43:9-11. Based upon her position in the League of Women Voters, she believes the

area south of Ulmerton Road "is a good boundary." *Id.* at 41:21-24. Her opinion is not based upon any expertise or scientific analysis, but rather, what she believes is a "general idea of [what] people think of the area in the community." *Id.* at 43:15-16.

Notably, Plaintiffs' expert Dr. Matthew Barreto opined that the boundary line between state senate Districts 16 and 18 did not respect community boundaries. When asked at his deposition to identify any of those communities, however, Dr. Barreto conceded that he did not "analyze any specific proper name communities" and that he would "leave that to sort of folks local on the ground to discuss and offer opinions on." *See* deposition of M. Barreto, *attached as* **Exhibit C**, at 65:20-21, 68:6-8.

## Legal Standard

Federal Rule of Evidence 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701 "is designed to prevent parties from proffering an expert in lay witness clothing by ensuring that testimony that is actually expert passes the strictures of Rule 702." *Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1357–58 (11th Cir. 2022).

## Argument

Azis's testimony regarding the "communities" within St. Petersburg that she believes should have been kept whole is nothing more than expert testimony in disguise. It is clear from the deposition testimony that Plaintiffs' expert Dr Barreto is unfamiliar with and failed to analyze any specific community boundaries within Pinellas County that allegedly were not respected. Plaintiffs appear to want to bootstrap Dr. Barreto's testimony that the Florida Legislature split smaller community boundaries to lay witness opinion as to what those smaller communities are.

Plaintiffs' problem with using Azis to fill in Dr. Barreto's analytical holes is that Plaintiffs never disclosed Azis as an expert witness. She cannot offer lay witness testimony as to what other people in Pinellas County believe are smaller community boundaries or as to any analysis that she may have done regarding the composition of smaller communities within St. Petersburg.[2] Nor can she offer lay

---

[2] Notably, the Florida Supreme Court has rejected the proposition that the Florida Constitution's redistricting standards require the Legislature to maintain "communities of interest." *In re Sen. Jt. Resol. of Leg. Apportionment* 1176, 83 So. 3d 597, 664 (Fla. 2012).

5

witness testimony as to racial predominance or whether District 16 is narrowly tailored to a compelling state interest.

At best, Azis could offer the Court irrelevant testimony as to how the League of Women Voters is geographically organized in Pinellas County. But this lay witness testimony fails Rule 701(b), because it does not make any fact at issue in this case more or less true.[3] The Florida Legislature is not obligated to draw state senate districts according to how the League of Women Voters is organized. Nor is the Florida Legislature obligated to draw district lines according to the personal preferences of Azis or her former colleagues who now serve as Plaintiffs' counsel.

Azis's testimony also fails Rule 701(b) because Plaintiffs do not need Azis to testify to the three-judge panel that Districts 16 and 18 split the city of St. Petersburg. This is a fact that is readily apparent from the district maps themselves, not one that is in dispute in this litigation, and not one on which opinion testimony is needed.

In short, Azis is not a resident of District 16, is no longer a Plaintiff in this case, and has no relevant testimony to offer in this litigation. There is no point to Azis's testimony other than to have yet another ACLU-affiliated lawyer

---

[3] This testimony would also fail to meet the very low bar of relevance under Federal Rule of Evidence 401.

participate in this case as a material witness. This Court should exclude Azis as a witness at trial.

But even if this Court were to allow Azis to testify, it should confine her opinion to one of her own perception—and not the perceptions of others. *See* Fed. R. Evid. 701(a).    "While lay witnesses may testify about their own immediate perceptions, testimony that blurs into supposition and extrapolation crosses the line into expertise." *Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1372 (11th Cir. 2014) (citations omitted). Because Plaintiffs apparently seek to extrapolate Azis's testimony from her own perception into a general fact that is based on the perception of everyone else in Pinellas County, her testimony would violate Rule 701(a). If Plaintiffs wanted to establish the existence of smaller "community boundaries" in Pinellas County to support Dr. Barreto's opinions, they should have disclosed an expert who performed this analysis, wrote an expert report, and otherwise followed the requirements of Federal Rule of Evidence 702.

## Conclusion

For the foregoing reasons, President Albritton requests this Court exclude and/or limit the trial testimony of Plaintiffs' witness Jacqueline Azis.

Respectfully submitted,

| | |
|---|---|
| /s/ *Michael Beato* | /s/ *Tara R. Price* |
| Mohammad O. Jazil (FBN 72556) | RICKY L. POLSTON (FBN 648906) |
| MJazil@holtzmanvogel.com | DANIEL E. NORDBY (FBN 14588) |
| Michael Beato (FBN 1017715) | DENISE HARLE (FBN 81977) |
| MBeato@holtzmanvogel.com | TARA R. PRICE (FBN 98073) |
| ZBennington@holtzmanvogel.com | ALYSSA L. CORY (FBN 118150) |
| Randall M. Raban (FBN 1055100) | KASSANDRA S. REARDON (FBN 1033220) |
| RRaban@holtzmanvogel.com | |
| **HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC** | **SHUTTS & BOWEN LLP** |
| 119 S. Monroe St. Suite 500 | 215 South Monroe Street, Suite 804 |
| Tallahassee, FL 32301 | Tallahassee, Florida 32301 |
| (850) 270-5938 | (850) 241-1717 |
| | RPolston@shutts.com |
| | DNordby@shutts.com |
| | DHarle@shutts.com |
| Bradley R. McVay (FBN 79034) | TPrice@shutts.com |
| Brad.Mcvay@dos.myflorida.com | ACory@shutts.com |
| Joseph S. Van de Bogart (FBN 84764) | KReardon@shutts.com |
| Joseph.Vandebogart@dos.myflorida.com | |
| Ashley Davis (FBN 48032) | CARLOS REY (FBN 11648) |
| Ashley.Davis@dos.myflorida.com | **FLORIDA SENATE** |
| **FLORIDA DEPARTMENT OF STATE** | 404 South Monroe Street |
| R.A. Gray Building | Tallahassee, Florida 32399 |
| 500 S. Bronough St. | (850) 487-5855 |
| Tallahassee, FL 32399 | Rey.Carlos@flsenate.gov |
| (850) 245-6536 | |
| | *Counsel for Ben Albritton, in his official capacity as President of the Florida Senate* |
| *Counsel for Cord Byrd, in his official capacity as Secretary of State* | |

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for President Albritton conferred with counsel for the Plaintiffs via email on April 21 2025, and via telephone on April 22, 2025, regarding this Motion. The Parties were unable to agree on the resolution of this Motion.

*/s/ Tara R. Price*
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Tara R. Price*
Attorney
