IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.

BEN ALBRITTON, in his official
capacity as President of the Florida
Senate, *et al.*,

   *Defendants*.
_____/

Case No. 8:24-cv-879-CEH-TPB-ALB

## DEFENDANTS' MOTION IN LIMINE
## REGARDING DR. BARRETO

Pursuant to Local Rule 3.01, Fed. R. Evid. 702, 703, and 705, and Fed. R. Civ. P. 26 and 37, Defendants President Ben Albritton and Secretary of State Cord Byrd move to exclude in part the expected trial testimony of Plaintiffs' expert witness Dr. Barreto. Defendants do not seek to exclude the opinion testimony of Dr. Barreto in its entirety. Rather, Dr. Barreto should be barred from testifying to (1) opinions not contained in the provided expert disclosures or discussed at his deposition; and (2) opinions supported by underlying facts or data that have never been disclosed or produced. Plaintiffs' nondisclosure in the discrete areas identified below has prejudiced Defendants' ability to examine the basis for and respond to Dr. Barreto potential testimony. These undisclosed opinions should

therefore be excluded.

## Background

1. This action involves Plaintiffs' claim against the Florida Senate President and the Florida Secretary of State that Florida Senate District 16 is racially gerrymandered in violation of the Equal Protection Clause.

2. On June 6, 2024, the Court entered a case management and scheduling order that provided for disclosure of Plaintiffs' expert reports by July 2, 2024, and rebuttal reports by October 2, 2024. ECF No. 37 at 2. Additionally, the case management and scheduling order stated that "[e]xpert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data and other information disclosed in the written expert report disclosed pursuant to this Order" and warned that "[f]ailure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness." ECF No. 37 at 4-5.

3. Plaintiffs retained Matthew A. Barreto as an expert witness in this case and provided his expert report on July 2, 2024. A copy of the Barreto Report *is attached as **Exhibit A***.

4. The deadline for Plaintiffs' disclosure of expert rebuttal reports was extended to October 9, 2024. ECF No. 44.

5. Plaintiffs provided a rebuttal report prepared by Dr. Barreto on October 9, 2024. A copy of the Barreto Rebuttal Report *is attached as **Exhibit B***.

6. After the filing of his report and rebuttal report, Barreto's deposition was taken on November 25, 2024. A copy of the Barreto Transcript *is attached as Exhibit C*.

7. Plaintiffs did not provide supplemental reports for Dr. Barreto during the discovery period.

## Argument

Plaintiffs' nondisclosure of expert opinions not included in Rule 26 disclosures or in deposition testimony has prejudiced Defendants, and Plaintiffs should not be entitled to rely upon any nondisclosed opinions at trial.

### I. Rule 37(c)(1) provides a preclusion remedy for nondisclosure

The purpose of a pre-trial motion in limine is "to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007); *see also Reyes v. Aqua Life Corp.*, No. 10-23548-CIV, 2012 WL 12892213, at *1 (S.D. Fla. July 9, 2012).

Federal Rule of Civil Procedure 26 requires that any expert witness testifying in a trial prepare a written report. Specifically, Rule 26(a)(2)(B) requires expert reports to contain, among other things: "a complete statement of all opinions to be expressed and the basis and reasons therefor" "the data or other

3

information considered by the witness in forming the opinions" and "any exhibits to be used as a summary of or support for the opinions." "Rule 26(e) imposes a duty on an expert to supplement her report 'in a timely manner if the party learns that in some material respect the disclosure is . . . incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (quoting Fed. R. Civ. P. 26(e)(1)(A)). This duty extends to information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2). All changes or additions to a disclosed expert report must be disclosed thirty (30) days prior to trial or as otherwise ordered by the court. Fed. R. Civ. P. 26(e)(2) and 26(a)(3)(B). Of note, a party's duty to comply is not "merely aspirational," as Rule 26 is designed to allow both sides to adequately prepare their cases and prevent surprise at trial. *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).

If a party violates the disclosure requirements in Rule 26(a), Rule 37(c) provides a remedy through exclusion of untimely disclosed evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

was substantially justified or is harmless."). "Generally, when assessing whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." The non-disclosing party bears the burden of showing that the failure to comply with Federal Rule of Civil Procedure 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *2 (S.D. Fla. July 30, 2014) (noting a court has "great discretion in deciding whether to impose such a

5

sanction" for failure to comply with expert witness disclosure requirements). Indeed, "[c]ourts have broad discretion to exclude untimely expert testimony." *Guevara*, 920 F.3d at 718; *see Corwin v. Walt Disney Co.*, 475 F.3d 1239 (11th Cir. 2007) ("We have held that a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed.").

## II. Any opinion of Dr. Barreto not disclosed in his expert or rebuttal reports or discussed during deposition testimony violates Rule 37(c)(1)

During discovery Defendants deposed Dr. Barreto, an expert witness for Plaintiffs, and it is anticipated that Plaintiffs will attempt to have Dr. Barreto depart from the scope of his reports and deposition testimony to improperly introduce new opinions at trial. During his deposition, Barreto expressed uncertainty regarding the scope of his opinions that would be presented at trial. Plaintiffs should be precluded from relying on new opinions or data at trial.

Barreto's expert report and rebuttal report do not discuss (1) other opinions supported by data within the report but not expressly identified; (2) alternative figures manipulated using ESRI software; or (3) other opinions in rebuttal to Dr. Voss excluded from his rebuttal report. Notwithstanding these omissions, during his deposition, Barreto testified that if asked, he intended to testify "truthfully" but did not express any opinions sufficient to qualify as opinions "made known"

6

to Defendants to preclude application of the Rule 37(c) automatic remedy.

As to the first category, undisclosed opinions supported by data within his disclosures but not expressly identified, Barreto testified that he may offer undisclosed opinions or "thoughts" by answering questions asked of him at trial. *See* Ex. C at 50:16-51:14; 57:15-22; 95:1-18; 96:13-25; 98:9-20.  As to the second category, alternative figures manipulated using ESRI software but not identified, Barreto testified that the figures contained in his reports could be manipulated further to allow him to offer different or more specific opinions than those disclosed.  *See* Ex. C at 75:24-78:11. As to the third category, other opinions in rebuttal to Dr. Voss excluded from his rebuttal report, Barreto testified regarding an identified disagreement with the report of Dr. Voss that went beyond the scope of his rebuttal report but merely stated he'd offer opinions if asked.  *See* Ex. C at 88:7-10 ("Are all the opinions regarding Dr. Voss's report that you're planning on giving, contained within your rebuttal report" "I would say probably not"); Ex. C at 88:11-20; 99:23-101:6; 104:23-105: 6; 105:7-106:4; 106:10-107:24; 109:17-24; 110:1-4; 112:19-23.

Based upon the above testimony, it is suspected that at trial Plaintiffs' expert Barreto will opine as to previously undisclosed expert opinions specific to data contained in his report, to opine on undisclosed data or figures, and to opine more broadly than disclosed in rebuttal to Dr. Voss' expert report.

7

Further, in his expert report, Dr. Barreto posited that "his work is ongoing" Ex. A at 21, and at his deposition he testified consistent with his ability to modify or supplement his expressed opinions or conclusions at trial. *See* Ex. C at 20:19-24; 21:12-22:6; 88:7-89:2; 89:11-14: 90:8-15. Such additional information has not been provided to Defendants, and pursuant to Rule 37(c), Barreto should be automatically precluded from giving any opinion testimony that was not previously disclosed in his expert or rebuttal reports or deposition testimony.

Plaintiffs' failure to comply with the expert requirements is harmful and prejudices Defendants. Critical discovery and expert discovery deadlines have expired, with trial imminent. The purpose of the expert witness disclosure requirements is thwarted by a partial disclosure in that any new testimony or opinions given by Dr. Barreto would be a surprise to Defendants, who have been deprived of the opportunity to investigate the bases for these undisclosed opinions or data. As such, this Court should determine that a partial disclosure violated Rule 26(a) and was neither substantially justified nor harmless.

## Conclusion

For the foregoing reasons, this Court should grant Defendants' motion in limine to preclude Plaintiffs from presenting expert testimony of Dr. Barreto on undisclosed opinions or data.

Respectfully submitted,

/s/ *Michael Beato*
Mohammad O. Jazil (FBN 72556)
MJazil@holtzmanvogel.com
Michael Beato (FBN 1017715)
MBeato@holtzmanvogel.com
ZBennington@holtzmanvogel.com
Randall M. Raban (FBN 1055100)
RRaban@holtzmanvogel.com
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
119 S. Monroe St. Suite 500 Tallahassee, FL 32301 (850) 270-5938


Bradley R. McVay (FBN 79034)
Brad.Mcvay@dos.myflorida.com
Joseph S. Van de Bogart (FBN 84764)
Joseph.Vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
Ashley.Davis@dos.myflorida.com
**FLORIDA DEPARTMENT OF STATE**
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536


*Counsel for Cord Byrd, in his official capacity as Secretary of State*

/s/ *Alyssa L. Cory*
RICKY L. POLSTON
(FBN 648906)
DANIEL E. NORDBY
(FBN 14588)
DENISE HARLE
(FBN 81977)
TARA R. PRICE
(FBN 98073)
ALYSSA L. CORY
(FBN 118150)
KASSANDRA S. REARDON
(FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
RPolston@shutts.com
DNordby@shutts.com
DHarle@shutts.com
TPrice@shutts.com
ACory@shutts.com
KReardon@shutts.com


CARLOS REY (FBN 11648)
**FLORIDA SENATE**
404 South Monroe Street
Tallahassee, Florida 32399
(850) 487-5855
Rey.Carlos@flsenate.gov

*Counsel for Ben Albritton, in his official capacity as President of the Florida Senate*

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Plaintiffs and Defendants discussed this motion during a Zoom conference on April 22, 2025. The substance of the motion was discussed, but the parties were unable to resolve the disputed issues.

*/s/ Alyssa L. Cory*
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Alyssa L. Cory*
Attorney