IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.                                         Case No. 8:24-cv-879

BEN ALBRITTON, *etc.*, *et al.*,

   *Defendants*.

_____/

## PLAINTIFFS' MOTION FOR NON-SEQUESTRATION

This case presents a "somewhat unusual"—but by no means unprecedented—situation. *Cramton v. Grabbagreen Franchising LLC*, No. 2:17-cv-04663, 2020 WL 6680366, at *1 (D. Ariz. Nov. 12, 2020). Defendants intend to call as a trial witness Nicholas Warren ("Counsel"), whom Plaintiffs retained to represent them as lead counsel in this matter. In the interest of proceeding by agreement whenever possible, Plaintiffs have chosen not to seek to preclude Defendants' calling Counsel and will not object to him giving nonprivileged testimony that is otherwise unobjectionable. In response to Defendants' decision to call Counsel, Plaintiffs have listed him as a witness they may call in their case.

Even before Plaintiffs decided to list Counsel as a potential witness, Defendants shared their intent to invoke Federal Rule of Evidence 615 to require Counsel's sequestration during other witness testimony. Because Counsel's presence is essential to presenting their case, Plaintiffs move for an order under FRE 615(a)(3) permitting him to remain at counsel table throughout trial should he testify as a fact witness.

1

## LEGAL STANDARDS

### A. The Rule of Sequestration, FRE 615

Federal Rule of Evidence 615 provides that, "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." But the court *cannot* exclude "any person whose presence a party shows to be essential to presenting the party's claim or defense." FRE 615(a)(3). "The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *United States v. Heard*, 725 F. App'x 743, 748 (11th Cir. 2018) (quoting *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981)).

### B. Lawyer as Witness, R. Regulating Fla. Bar 4-3.7

Rule 4-3.7(a) of the Rules Regulating the Florida Bar prohibits a lawyer from "act[ing] as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless" certain exceptions apply. Relevant here, the rule does not apply when "disqualification of the lawyer would work substantial hardship on the client." *Id.* 4-3.7(a)(4).

Even absent an exception, Rule 4-3.7 permits an attorney to attend and participate at trial and other phases of litigation, short of "acting as an advocate at a trial." *Ofer v. Millan*, No. 1:24-cv-20888, 2024 WL 4120794, at *6 (S.D. Fla. July 29, 2024) ("Even if the action reaches the trial stage and [Defendants' attorney] is on Plaintiff's witness list, Rule 4-3.7(a) would prohibit [him] from acting as an advocate at trial, not from representing Defendants [] altogether."). Rule 4-3.7 "is aimed at

2

prevent[ing] an attorney from being in the awkward position of acting as both a witness and an advocate at trial, which could create a variety of issues including juror confusion and the appearance of impropriety." *Benton v. Zurich Am. Ins. Co.*, No. 1:16-cv-2932, 2018 WL 11343519, at *2 (N.D. Ga. May 1, 2018) (quotation omitted) (applying identical Georgia rule). Rule 4-3.7 "is thus not applicable before trial where those concerns are not relevant." *Id.*

### C. The Interaction of These Rules

A party cannot force the disqualification of their opponent's attorney simply by calling them as a witness. *Am. Cas. Co. of Reading Pa. v. Health Care Indem., Inc.*, No. 8:07-cv-421, 2008 WL 11337425, at *4 (M.D. Fla. May 23, 2008) (denying motion to disqualify attorney because a litigant should not be able to "us[e] the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case"); *Shaw v. Broad & Cassel*, No. 1:11-cv-23689, 2012 WL 315050, at *6 (S.D. Fla. Feb. 1, 2012) ("[T]he requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel." (quoting *Alto Constr. Co., Inc. v. Flagler Constr. Equip., LLC*, 22 So.3d 726, 728 (Fla. 2d DCA 2009))). Nor can a party achieve the same result by calling the other side's attorney and then invoking the rule of sequestration. *Cramton*, 2020 WL 6680366, at *3 (finding sequestration of a party's attorney "would obviously interfere with her ability to serve as trial counsel" and thus she could not be sequestered).

"[A] party is presumptively entitled to the counsel of his choice," and "that right

3

may be overridden only if 'compelling reasons' exist." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (quoting *Tex. Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992)).

## ARGUMENT

Plaintiffs note at the outset that, by declaring their intent to invoke the rule of sequestration against Counsel, Defendants are in essence seeking the functional equivalent of disqualification of Counsel without having to satisfy the strict requirements of a motion to disqualify.[1] In doing so, Defendants attempt to transform their own burden to justify disqualification into a burden on Plaintiffs to justify non-exclusion not only from counsel table but from the courtroom itself. This threatens disqualification regardless of the name attached to it. Defendants' failure to file a motion to disqualify should itself be fatal to their efforts to exclude Counsel from trial, and the Court could properly grant the requested relief in the present motion on that basis.

Plaintiffs will nevertheless proceed in good faith to argue on the assumption that the rule of sequestration is the proper vehicle to raise these concerns. Plaintiffs thus

---

[1] Disqualification motions are subject to strict scrutiny. *See Pigott v. Sanibel Dev., LLC*, No. 1:07-cv-83, 2007 WL 2713188, at *1 (S.D. Ala. Sept. 17, 2007) ("Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict scrutiny." (quoting *Macheca Transport Co. v. Philadelphia Indem. Co.,* 463 F.3d 827, 833 (8th Cir. 2006))) (cleaned up); *see also id.* (characterizing *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006), as "observing that disqualification orders are harsh sanctions that should be resorted to sparingly and that disqualification motion brought by opposing counsel should be viewed with caution because of potential misuse as a technique of harassment").

4

state as follows:

Counsel's presence at trial is essential to Plaintiffs' presentation of their case. Counsel is *lead* counsel. His depth of knowledge and familiarity with the facts, witnesses, and exhibits in this case make his presence necessary for Plaintiffs to adequately examine witnesses, introduce exhibits, and present argument regarding witnesses and exhibits. Those same attributes make Counsel's presence helpful to the Court in ensuring Plaintiffs' case is presented efficiently. This is knowledge and familiarity that his co-counsel would not be able to bring to the Court as easily. Counsel has been directly involved in the preparation of trial exhibits, has a stronger understanding of the witnesses, and has a much longer and more detailed historical knowledge of the evidence than his co-counsel. It is these advantages that prompted his clients to retain him in this matter; those same attributes render his participation at trial essential to put on their case.

Two similar cases illuminate how FRE 615(a)(3)'s exception to sequestration applies here. **First**, in *Milicevic v. Fletcher Jones Imports, Ltd.*, the plaintiff's attorney testified at a jury trial. 402 F.3d 912, 914 (9th Cir. 2005). The district court denied the defendant's motion to exclude the attorney from the courtroom during other witnesses' testimony, so long as the attorney's co-counsel examined the attorney and so long as the attorney's co-counsel, not the attorney, made opening and closing arguments. *Id.* The testifying attorney was also "barred from examining witnesses on issues about which he had first-hand knowledge," to "eliminate any possibility of [his] using his role as trial counsel to inject his credibility into portions of the trial other than his

5

testimony." *Id.* at 915. A panel of the Ninth Circuit unanimously affirmed, rejecting the defendant's argument that the attorney should have been sequestered under FRE 615. *Id.* Writing for the panel, Judge Bea noted that the attorney had represented his client from the beginning of the dispute, and held that "where a particular trial counsel is 'essential to the presentation' of the client's cause," FRE 615(a)(3) "clearly would allow [trial counsel] to remain present in the courtroom as an exception to the exclusionary rule for witnesses.'' *Id.* at 916 (quoting *United States v. Reeder*, 614 F.2d 1179, 1186 (8th Cir. 1980)).

**Second,** in *Mineba Co., Ltd. v. Pabst*, the defendant's attorney was to testify at a jury trial. 374 F. Supp. 2d 231 (D.D.C. 2005). The court determined that FRE 615(a)(3)'s exception for individuals "essential" to the presentation of a party's case swept broadly, to "include[] not only counsel of record but also their legal assistants, interpreters, and technical personnel necessary to assist in the electronic presentation of evidence." *Id.* at 234. The court denied the plaintiff's motion to preclude the attorney from participating in the defendant's legal representation, finding that he "may act as a lawyer for his client during the course of [the] trial by participating in the preparation of witnesses," including "talk[ing] to witnesses both before and after their testimony and [] read[ing] transcripts of their testimony," as well as "consulting with . . . other lawyers for [his client] . . . ." *Id.* at 235–36. And while the court determined the attorney could not participate in the case in view of the jury, it stressed "its decision would have been different if there were no jury involved because the Court as fact-finder would not be susceptible to the same confusion as would a

jury . . . ." *Id.* at 235. The court concluded "that the dangers intended to be prevented by both Rule 615 and the common law sequestration rule may be addressed without depriving [the defendant] of arguably its most important lawyer advisor." *Id.* at 237 (citing *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of N.Y.*, 519 F. Supp. 668, 679 (D. Del. 1981) (finding the presence of a party's attorney was essential to the presentation of their case)).

As in *Milicevic* and *Mineba*, Counsel's presence in the courtroom is essential to Plaintiffs' efficient and effective presentation of their case. And unlike those cases, one of the main concerns counseling against a witness acting as trial attorney—preventing juror confusion—is absent. *See Cramton*, 2020 WL 6680366, at *3 n.2, n.3 (discussing lawyer-as-witness and sequestration rules in context of bench trial). As for the concern that Counsel will "shape" his testimony to match that of other witnesses, *see Heard*, 725 F. App'x at 748, that concern is outweighed by Plaintiffs' necessity in having Counsel support the adequate examination of witnesses, introduction of exhibits, and presentation of argument regarding witnesses and exhibits at trial, and in any event is minimal in this particular instance. Any testimony that the Parties[2] might elicit from Counsel—an officer of the Court[3]—would overlap with that of only three other witnesses (Matthew Isbell, Jacob Ogles, and Mary Ellen Klas). Those are the only

---

[2] Notably, Defendants' position on sequestration—forced functional disqualification—applies regardless of whether Plaintiffs themselves decide to call Counsel as a witness.
[3] *See Mineba*, 374 F. Supp. 2d at 237 ("In the absence of evidence to the contrary, however, courts 'must trust and rely on lawyers' abilities to discharge their ethical obligations, including their duty of candor to the court'; otherwise, the adversary process, the judicial system and the legal profession itself are in grave jeopardy." (quoting *United States v. Rhynes*, 218 F.3d 310, 320 (4th Cir. 2000)).

7

individuals with whom Counsel interacted about the facts in dispute during the relevant time period. None of those witnesses live within the Court's subpoena power; none of them may even end up testifying. At the very least, Counsel should not be sequestered during the testimony of witnesses that pose no "shaping" risk, meaning Counsel should only be sequestered—if at all—during the testimony of those three witnesses (should they decide to appear in court). *See United States v. Kosko*, 870 F.2d 162, 164 (4th Cir. 1989) (in rejecting assertion that witness should have been sequestered, noting that "the two agents did not overlap as to any matter on which they had personal knowledge, and therefore their mutual presence during trial could not have undermined the integrity of the fact-finding process").

Finally, Plaintiffs note that, while Defendants have raised in conferrals the "prejudice" that they will suffer should Plaintiffs' lead counsel be able to participate as both an advocate and witness in the defense case, it is well-settled in the federal context concerning the lawyer-as-witness inquiry that the prejudice at issue when a client's lawyer may be a witness is the prejudice to *the client*, not to the opposing party. *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920, 2018 WL 6620891, at *2 (M.D. Fla. Sept. 18, 2018); *Shaw*, 2012 WL 315050, at *5 ("The focus of the analysis under Rule 4–3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness."). And, in the sequestration context, there is no freestanding "prejudice" inquiry. Rather, that rule is motivated by the concerns around collusion, fabrication, and "shaping" of testimony, *Heard*, 725 F. App'x at 748, that, as explained above, are inherently minimal or non-existent here in

any event.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court enter an order permitting Mr. Warren to remain at counsel table throughout trial should he testify as a fact witness.

### Local Rule 3.01(g) Certification

Plaintiffs' counsel conferred with counsel for the Secretary of State and Senate President about the issues raised in this motion during the in-person pretrial meeting of counsel on April 10, 2025, and again by telephone on April 22, 2025. Plaintiffs offered for Counsel to be sequestered only during the testimony of witnesses for whom there was a risk Counsel would purportedly alter his testimony; Defendants declined—although the Secretary's counsel initially suggested at the April 10 conferral that Counsel could appropriately examine expert witnesses. Plaintiffs also offered for Counsel to be called first in Plaintiffs' case, submit to a full direct- and cross-examination from all parties, and then be released for the remainder of trial; Defendants declined. Plaintiffs further offered for Counsel to be present during trial but refrain from examining witnesses or making argument; Defendants declined.

In sum, Defendants oppose the relief requested.

Respectfully submitted April 22, 2025,

 /s/ Caroline A. McNamara 

9

<div style="display: flex;">

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

* *Special admission*

</div>

*Counsel for Plaintiffs*