IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.                                          Case No. 8:24-cv-879

BEN ALBRITTON, *etc.*, *et al.*,

    *Defendants*.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE OR LIMIT TESTIMONY OF JACQUELINE AZIS

Defendants seek to categorically exclude the lay witness testimony of St. Petersburg resident and civic leader Jacqueline Azis because it is supposedly "expert testimony in disguise." ECF No. 99 ("Mot.") at 5. But her proposed testimony about the boundaries and characteristics of her community is classic fact testimony, supplemented by lay opinion under Federal Rule of Evidence 701 rooted in her personal perceptions as a long-time St. Petersburg resident and as board president of the League of Women Voters of the St. Petersburg Area. Courts regularly credit such testimony in redistricting cases and this case should be no exception.

Nor is there need to preemptively limit Ms. Azis's testimony to opinions based on her own perception. Defendants' request asks nothing more than for Ms. Azis's testimony to conform to the text of FRE 701—which her proposed testimony does. To the extent specific testimony ventures outside the bounds of that rule, Defendants may object at trial. Defendants' motion should be denied.

## BACKGROUND

Jacqueline Azis is a Floridian who has resided in St. Petersburg since May 2019. ECF No. 99-2 (Azis Dep.) at 5:17. Her current address lies within Senate District 18, seven blocks from the closest border with Senate District 16. Her neighborhood (Historic Old Northeast), her city (St. Petersburg), and her broader community of South Pinellas County are split between the two districts.

Ms. Azis is also President of the Board for the League of Women Voters of the St. Petersburg Area (The League). *Id*. at 10:4–5. As a community organization serving the St. Petersburg area, the League engages in voter education efforts including distributing voter registration information and convening candidate forums. *Id*. at 11:7–15. As Board President, Ms. Azis oversees the organization's board meetings and committees. *Id*. at 13:23-14:5. She personally participates in the organization's events including speaking to community groups in St. Petersburg. *Id*. at 12:4-13:9.

On April 22, 2025, Plaintiffs indicated in the parties' Final Pretrial Statement that they intend to call Ms. Azis as a lay witness at trial. ECF No. 101 at 4.

## LEGAL STANDARD

"Every person is competent to be a witness unless these rules provide otherwise." FRE 601. Lay witnesses must testify based on their personal knowledge. FRE 602. Lay witness "personal knowledge can include inferences and opinions, as long as they are grounded in personal observations and experience." *United States v. Wirtz*, 357 F. Supp. 2d 1164, 1169 (D. Minn. 2005) (cleaned up).

Pursuant to Federal Rule of Evidence 701, "a lay witness may offer opinions

that are: '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *United States v. Hill*, 643 F.3d 807, 841–42 (11th Cir. 2011) (quoting FRE 701). "Lay witnesses may draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses." *United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017).

## ARGUMENT

Ms. Azis intends to testify, based on her personal knowledge as a resident and community leader in the St. Petersburg area, about the boundaries and characteristics of her community and her representation in the Florida Legislature. Such testimony is typical lay witness testimony courts routinely credit in redistricting cases and conforms to Rules 602 and 701.

First, Ms. Azis's opinions will be grounded in her own perceptions. As a resident and civic leader of St. Petersburg living along the border between Senate Districts 18 and 16, Ms. Azis has first-hand knowledge of where her community's social, economic, and political boundaries lie. Azis Dep. at 26:14–28:7. Her views about which neighborhoods and municipal areas comprise "South Pinellas" or "Historic Old Northeast" are grounded in daily life—what she sees, hears, and experiences in community meetings, League events, and her day-to-day. This is proper lay witness—not expert—testimony. *See Wirtz*, 357 F. Supp. 2d at 1169. Contrary to Defendants' suggestion, Ms. Azis does not intend to offer opinions "as to what other

3

people in Pinellas County believe," Mot. at 5, and, even if she does, Defendants can object to those specific opinions at trial. Defendants also have the opportunity at trial to cross-examine Ms. Azis and present contrary evidence to undermine her testimony. It is unnecessary to categorically preclude her testimony at this stage. *See, e.g.*, *Glass v. Robinson*, No. 19-cv-4883, 2022 WL 3009794, at *2 (D. Ariz. Jul. 29, 2022).

Second, Ms. Azis's observations and opinions about the characteristics and boundaries of her community in St. Petersburg are relevant to determining critical facts at issue in the case: whether the Legislature subordinated race-neutral redistricting criteria, whether it could have adhered to the requirements of the Fair Districts Amendments without subordinating such criteria, and thus, whether the Legislature's use of race was narrowly tailored to a compelling interest. *See Alexander v. S.C. State Conf. of NAACP*, 602 U.S. 1, 7 (2025) ("[A] plaintiff must prove that the State 'subordinated' race-neutral districting criteria . . . to 'racial considerations'" to succeed on a racial gerrymandering claim) (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)). In drawing legislative districts, the Legislature is "require[d] to follow existing community lines so that districts are logically drawn, and bizarrely shaped districts . . . are avoided." *League of Women Voters of Fla. v. Detzner* (*Apportionment VIII*), 179 So. 3d 258, 296 (Fla. 2015) (quoting *Standards for Establishing Legis. Dist. Boundaries*, 2 So. 3d 175, 181, 187–88 (Fla. 2009) (plurality opinion)).[1] Understanding community

---

[1] Although maintaining "communities of interest" is not strictly required by the Florida Constitution, *Apportionment VIII*, 179 So. 3d at 295, it may be a relevant consideration when choosing between districts. *Id.* (preferring one redistricting plan in part because it "keeps rural communities of interest together").

boundaries is necessary to understanding whether the Legislature respected those boundaries. And although it is plain that Senate District 16 splits the city of St. Petersburg, Ms. Azis's testimony is relevant to the reasons *why* such a split was unjustified. Because the Legislature may not be able to feasibly adhere to every municipal boundary when drawing districts, the reasons why the Legislature diverged from certain political and geographic features as opposed to others is significant. *See In re Senate Joint Resol. of Legis. Apportionment 1176* (*Apportionment I*), 83 So. 3d 597, 683 (Fla. 2012) (analyzing the reasons given for splitting the municipality of Lakeland and finding them insufficient).

Third, Ms. Azis's testimony is not based on scientific, technical, or other specialized knowledge, but rather her personal experience and knowledge as a resident and civic leader in the community.

For similar reasons, courts routinely consider lay testimony regarding community boundaries and characteristics in redistricting cases. *See Thornburg v. Gingles*, 478 U.S. 30, 41 (1986) (noting that "[b]ased on statistical evidence presented by expert witnesses, supplemented to some degree by the testimony of lay witnesses, the court found that all of the challenged districts exhibit severe and persistent racially polarized voting"); *Miss. State Conf. of NAACP v. State Bd. of Election Comm'rs*, 739 F. Supp. 3d 383, 426 (S.D. Miss. 2024) (crediting lay witness testimony regarding the common interests residents of a district share); *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, 700 F. Supp. 3d 1136, 1341 (N.D. Ga. 2023) (finding based on lay testimony that "the Black community in Cooper HD-171 interacts with one another

5

and shares a number of similar concerns"). This case should be no exception. Ms. Azis's testimony as to the characteristics and boundaries of her community illuminate whether district lines should be drawn to respect those boundaries.

Finally, there is no need to grant Defendants' request to issue a preemptive ruling confining Ms. Azis's testimony to FRE 701. Ms. Azis's testimony, like all testimony, must follow the Federal Rules of Evidence. If specific testimony ventures outside the bounds of the rules, Defendants can object at trial. *See Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) ("Courts are almost always better situated during the actual trial to assess the value and utility of evidence." (cleaned up)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to exclude or limit the testimony of Jaqueline Azis should be denied.

Respectfully submitted May 6, 2025,

 */s/ David Chen*

David Chen\*
Deborah N. Archer\*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
davidchen@nyu.edu
deborah.archer@nyu.edu

   \* *Special admission*

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this response compiles with the typography requirements of Local Rule 1.08, and that it complies with Local Rule 3.01(a)'s page requirements.

*/s/ David Chen*
David Chen

## CERTIFICATE OF SERVICE

I certify that on May 6, 2025, I electronically filed the foregoing through CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ David Chen*
David Chen