IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.

BEN ALBRITTON, *etc.*, *et al.*,

   *Defendants*.

                                                          /

Case No. 8:24-cv-879

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING DR. MATTHEW A. BARRETO

Defendants seek a preemptive order to bar Plaintiffs' expert witness Dr. Matthew A. Barreto "from testifying to (1) opinions not contained in the provided expert disclosures or discussed at his deposition; and (2) opinions supported by underlying facts or data that have never been disclosed or produced." ECF No. 100 at 1. Such an order is unnecessary, and should therefore be denied.

On July 2, 2024, Plaintiffs served their expert disclosures, including Dr. Barreto's report, which offered opinions on Black voters' ability to elect representatives of their choice in Plaintiffs' alternative maps, and whether race explains the challenged districts' shapes. Defendants responded with a report from Dr. Stephen Voss. Dr. Barreto wrote a rebuttal report to that response.

During a conferral on April 22, 2025, Defendants questioned Plaintiffs' counsel on the scope of Dr. Barreto's intended testimony. Plaintiffs' counsel shared that they did not intend to elicit any opinions beyond those disclosed in Dr. Barreto's reports.

1

That same day, Plaintiffs filed the parties' Final Pretrial Statement. Plaintiffs listed Dr. Barreto as an expert witness and that his testimony would be limited to "[t]he ability of Black voters to elect representatives of their choice in alternative configurations of District 16; whether race explains the shapes and borders of the Challenged Districts; and other subjects in his reports." ECF No. 101 at 4.

Dr. Barreto's reports contain a complete statement of all the opinions he will express. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Should Dr. Barreto volunteer opinions beyond those disclosed in his reports, Defendants may object at trial. *See* Fed. R. Civ. P. 37(c)(1). Given Plaintiffs' counsel's repeated representations that they will not elicit opinions from Dr. Barreto outside those disclosed in his reports, an order merely reiterating that Fed. R. Civ. P. 26(a)(2)(B)(i) and 37(c)(1) apply to this case is wholly unnecessary.

Respectfully submitted May 6, 2025,

*/s/ David Chen*

David Chen\*
Deborah N. Archer\*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
davidchen@nyu.edu
deborah.archer@nyu.edu

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

   \* *Special admission*

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this response compiles with the typography requirements of Local Rule 1.08, and that it complies with Local Rule 3.01(a)'s page requirements.

*/s/ David Chen*
David Chen

## CERTIFICATE OF SERVICE

I certify that on May 6, 2025, I electronically filed the foregoing through CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ David Chen*
David Chen