IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.                                                                                          Case No. 8:24-cv-879

BEN ALBRITTON, *etc.*, *et al.*,

    *Defendants*.

_____/

**PLAINTIFFS' MOTION TO PERMIT REMOTE TESTIMONY**

    Pursuant to Federal Rule of Civil Procedure 43(a), Plaintiffs respectfully move the Court to permit Plaintiff Meiko Seymour to testify by simultaneous transmission on June 9, 2025, or in the alternative to permit him to testify in court on June 12. Plaintiffs additionally seek leave, for good cause shown, to file this motion after the deadline set by the Court's Case Management and Scheduling Order, pursuant to Federal Rule of Civil Procedure 16(b)(4).

**FACTUAL BACKGROUND**

    This case is set for trial from June 9–13, 2025. ECF No. 37 at 2. Plaintiff Meiko Seymour is a pastor and community leader in St. Petersburg. As part of his ministry, Mr. Seymour is a member of a ministry learning cohort run by Searock, a national organization that supports church leaders. This cohort-based fellowship program begins with an intensive 6-month program, followed up by yearly in-person cohort gatherings in different cities. Mr. Seymour's 2025 annual cohort gathering—scheduled in late February 2025, well after the Court set the trial dates—is set for June 8–11 in

1

Dallas, Texas. This date was not scheduled until February 2025—well after the Court entered its Case Management and Scheduling Order in June 2024 (*see* ECF No. 37). If Mr. Seymour fails to attend, he will lose his certification from the cohort and forfeit his fee. Plaintiffs' counsel learned of Mr. Seymour's conflict when he informed them of it on May 14, 2025.

## MEMORANDUM OF LAW

Rule 43(a) requires live testimony but states: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "The plain language of the rule gives the district court discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" *Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 491 (11th Cir. 2021) (quoting *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018)). "Rule 43(a) requires appropriate safeguards, including: 1) accurate identification of the witness; 2) protection of influence from persons present with the witness; and 3) accurate transmission." *VMX-Glob. USA, LLC v. Noble Env't Tech*, 339 F.R.D. 690, 692 (S.D. Fla. 2021); *accord Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (finding appropriate safeguards used and no abuse of discretion when the jury could listen to the witnesses, observe their demeanor, the opposing party had the opportunity to question the witnesses, and the transmission was instantaneous).

The circumstances described above—Mr. Seymour's required attendance at a religious fellowship program from which he will lose certification and forfeit a fee if

he does not attend—are compelling reasons for permitting him to testify in open court by contemporaneous transmission. *See VMX-Global*, 339 F.R.D. at 691 (permitting Zoom testimony by witness whose business schedule conflicted with the trial date and live testimony involved unnecessary risks of out-of-state travel due to COVID-19 transmission risks in October 2021). Mr. Seymour can be easily identified and can testify from a location where he is alone, and videoconference platforms are well known by the Court and counsel to be capable of accurate transmission. *See Fischer v. United States*, 608 F. Supp. 3d 533, 541 (E.D. Mich. 2022) ("Zoom videoconferencing affords adequate safeguards for such testimony, especially considering that the undersigned has presided over such testimony in other cases.").

Alternatively, the Court can allow Mr. Seymour to testify in person on Thursday, June 12, after he returns from his annual cohort gathering. The defense case will likely have begun by that date, but Federal Rule of Evidence 611(a) provides that the Court should "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Mr. Seymour's testimony does not depend upon the testimony of any other witnesses and will not change if delayed until he can appear in-person on the fourth day of trial.

This is not a case where the Plaintiffs' entitlement to relief turns on the veracity of Mr. Seymour's testimony, which is expected to take approximately 15 to 30 minutes. His testimony will address his standing to challenge the constitutionality of

3

his Senate district (an issue which Plaintiffs do not understand Defendants to contest), and perhaps some additional background concerning the effect on his community. Mr. Seymour is not seeking individual relief for his own benefit but, rather, gives his time and name toward an effort to right a constitutional wrong. But the gravamen of the factual questions before the Court concerns the Legislature's use of race-based criteria to draw Senate districts and whether the use of race was narrowly tailored; these determinations will not depend on Mr. Seymour's testimony. Accordingly, the Court's need to observe his body language in-person (as opposed to by video transmission), or to hear his testimony on Monday instead of Thursday, are not so critical as to ask him to accept the loss of his pastoral certification and fee when the Court can receive his testimony without his incurring such personal costs.

Defendants will suffer little if any prejudice if Mr. Seymour is permitted to testify either by Zoom or out of order, certainly not as much prejudice as Mr. Seymour will suffer if he loses his cohort certification and forfeits his fee. *See VMX-Glob.*, 339 F.R.D. at 691 (noting that non-movant failed to "articulate how it would be prejudiced" by remote testimony); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (finding remote testimony would not prejudice non-movants because "the protections of the oath and cross-examination will provide them with the tools necessary to resolve th[e] issues" they identified, and granting motion); *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (finding remote testimony would not prejudice non-movant, and granting motion). Indeed, Defendants themselves already elected to depose Mr. Seymour (and every other Plaintiff and

expert witness) by Zoom, and the Secretary of State ensured his own deposition was held by Zoom. *See* ECF No. 61 (Secretary's withdrawing motion for protective order after Plaintiffs agreed to hold deposition by Zoom).

Lastly, undersigned counsel apologizes to the Court for not having identified Mr. Seymour's scheduling conflict at an earlier point in time, and seek leave to file this motion out of time. This Court can modify the Scheduling Order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The good cause standard requires the moving party to show "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Undersigned counsel acted with diligence in seeking relief upon learning of the conflict, and trial courts have discretion to consider an untimely motion "if doing so seems proper . . . [and] when the motion seems to have merit." *Blige v. M/V Geechee Girl*, 180 F. Supp. 2d 1349, 1359 (S.D. Ga. 2001) (quoting *FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 390 (E.D.N.Y. 1997)). Under the circumstances, Plaintiffs respectfully request that the Court exercise its discretion to entertain this motion and permit this case's important constitutional question to be resolved on its merits rather than the fortuity of Mr. Seymour's pastoral training.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court permit Mr. Seymour to testify by simultaneous transmission on June 9, 2025. In the alternative, Plaintiffs request Mr. Seymour testify in court on June 12. Plaintiffs additionally seek leave to file this motion out of time.

## Local Rule 3.01(g) Certification

Plaintiffs' counsel conferred with the Senate's counsel by email on May 16 and 19, 2025. The Senate opposes the relief requested.

Plaintiffs' counsel requested to confer with the Secretary of State's counsel by email on May 16 and 19, 2025; by calling the office and cell phone numbers of two of the Secretary's counsel on May 19; and by leaving a voicemail at the one of those four numbers with voicemail functionality. Plaintiffs' counsel will supplement this filing with the statement required by Local Rule 3.01(g)(3).

Respectfully submitted May 19, 2025,

_/s/ Nicholas L.V. Warren_

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

* _Special admission_

_Counsel for Plaintiffs_