## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KETO NORD HODGES, MEIKO
SEYMOUR, and JARVIS EL-
AMIN,

              Plaintiffs,

v.

BEN ALBRITTON and CORD
BYRD,

              Defendants.

Case No: 8:24-cv-879-CEH-UAM

THREE-JUDGE COURT

## ORDER

This matter comes before the Court on Plaintiffs' motion for non-sequestration (Doc. 102). This action alleges racial gerrymandering in the drawing of Florida Senate districts in Tampa Bay. A non-jury trial is scheduled to begin on June 9, 2025.

Upon review and full consideration, the Court will grant-in-part Plaintiffs' motion for non-sequestration.

## DISCUSSION

Plaintiffs request an exception to witness sequestration for their lead counsel, Nicholas Warren, who will be called as a witness by one or both parties. Doc. 102. They assert that Warren's presence at counsel table is essential because of his unique expertise in redistricting law and unmatched knowledge of the case, satisfying the sequestration exception in F.R.E. 615(a)(3). Plaintiffs accuse Defendants of engaging

in gamesmanship by listing Warren as a "will call" witness solely to avoid having to satisfy the higher burden of disqualification of counsel.  Although Warren also appears on Plaintiffs' "may call" witness list, they argue he is not a necessary witness in the trial; they intend to call him only to provide context for the testimony Defendants will elicit from him.  In any event, Plaintiffs suggest alternatives to full sequestration such as calling him as the first witness or sequestering him only during certain testimony.

In response, Defendants point out that Plaintiffs have six other attorneys of record besides Warren. Doc. 109.  Moreover, Plaintiffs have long been on notice that Warren is a necessary witness because of his personal involvement in and attempts to unduly influence the redistricting process; therefore, making him their lead counsel in this case presented obvious complications that Plaintiffs should have foreseen and resolved before trial.  Defendants also clarify that they do not seek Warren's withdrawal from the case, but intend to invoke his sequestration during the trial as with any other witness because of the risk that his testimony would be shaped by others' testimony.  Defendants contend that Warren's testimony is relevant to refute Plaintiffs' theory that the Senate did not adopt Warren's alternative plan because of race; Defendants will argue that the Senate did not adopt Warren's plan because of concerns over his partisan influence.

At a party's request, F.R.E. 615(a) requires a court to exclude a witness from the courtroom so that he cannot hear other witnesses' testimony.  The purpose of witness sequestration is to "prevent them from tailoring their testimony to that of earlier witnesses and to facilitate the exposure of false testimony and other credibility

problems." *United States v. Graham*, 123 F.4th 1197, 1257 (11th Cir. 2024) (citations omitted).

Rule 615 does not require sequestration of "any person whose presence a party shows to be essential to presenting the party's claim or defense." F.R.E. 615(a)(3).  In determining whether to apply the essentiality exception, the test is "not whether the witness's testimony may be important but, rather, whether he is needed in the courtroom when he is not testifying." 29 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 6245 (2d ed.).

A party's longstanding lead trial counsel—particularly one with a unique expertise in the specialized subject matter of the case—is plainly "essential to presenting" that party's claim under Rule 615(a)(3).  For example, in *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 916 (9th Cir. 2005), the court applied the essentiality exception in Rule 615(a)(3) to an attorney who was serving as a fact witness in the same trial.  The *Milicevic* court noted that the attorney had represented the plaintiff since the inception of the case, and the plaintiff had "special reasons for insisting he continue as one of her attorneys," in that he was also her husband. *Id.*  As a result, he qualified as "essential to the presentation" of her claims. *Id.  See also United States v. Reeder*, 614 F.2d 1179, 1186 (8th Cir. 1980) (noting co-defendant's trial counsel could have been called as a witness if defendant deemed it necessary, because Rule 615(c) "clearly would allow [counsel] to remain present in the courtroom as an exception to the exclusionary rule for witnesses.").  Here, considering Warren's unique

expertise and familiarity with the underlying facts, Plaintiffs have demonstrated that Warren's presence during the trial is essential to the presentation of their case.

Defendants identify one case in which a district court applied the rule of sequestration to the defendant's trial counsel who was also a fact witness. In *State Farm Mut. Auto. Ins. Co. v. Duval Imaging, LLC*, No. 3:07-cv-627, 2011 WL 13186335, *2 (M.D. Fla. Sept. 27, 2011), the court rejected counsel's argument that he was essential, since two other attorneys also represented the defendant. However, counsel in *Duval* did not possess Warren's unique qualifications. Further, *Duval* is distinguishable in that it involved a jury trial; the plaintiff argued that it would confuse the jury for counsel to serve as a defense witness while also sitting at counsel table to consult with the other defense lawyers. *Id.* at *1. But in a bench trial, where the Court will be acting as the trier of fact, there is no risk of such confusion. *See Crowe v. Smith*, 151 F.3d 217, 233 (5th Cir. 1998) (collecting cases, concluding that the concerns underlying the bar against attorney testimony are not relevant where there is no jury). Because the Court will be acting as the trier of fact in the instant case, there is no risk of prejudicial confusion from Warren serving a dual role as a witness and counsel.

The fact that Warren will be subject to fulsome cross examination is another protective factor that counsels against sequestration under the circumstances of this case. "Ordinarily," outside of "the most egregious cases," cross-examination is sufficient to cure any violation of the rule against sequestration, because it empowers the factfinder to evaluate the violating witness's credibility. *Graham*, 123 F.4th at 1257 (citations omitted). To the extent Defendants believe Warren's testimony is influenced

4

by the fact that he is not sequestered, they may cross examine him about it and propose findings of fact regarding his credibility in their closing arguments and post-trial briefing.

Because the essentiality exception to the rule of sequestration applies, Warren will not be sequestered during the trial. Nonetheless, to alleviate any risk that Warren's testimony would be influenced by hearing that of earlier witnesses, *see Graham*, 123 F.4th at 1257, the Court will direct Warren to testify first.[1] The Court will also permit the scope of Defendants' cross examination to exceed the scope of Plaintiffs' direct examination, to minimize the need to recall him later in the trial. Further, Warren will be prohibited from examining any witness who will testify to facts that potentially overlap with his testimony, such as Matthew Isbell, Jacob Ogles, and Mary Ellen Klas.[2] *See* Doc. 102 at 7-8.

Accordingly, it is **ORDERED**:

1. Plaintiffs' motion for non-sequestration (Doc. 102) is granted-in-part, to the extent that Warren will not be sequestered, but he will be called as the first witness and subject to a cross examination that exceeds the scope of the direct examination. Additionally, Warren will be prohibited from examining

---

[1] *See Milicevic*, 402 F.3d at 916 (district court did not abuse its discretion in limiting attorney-witness's participation during trial even though it denied his sequestration).

[2] Because a motion to disqualify counsel is not before the Court, the Court expresses no opinion on the propriety or wisdom of Warren serving as lead counsel in this action given his personal involvement in its underlying facts.

any witness who will testify to facts that potentially overlap with his testimony, such as Matthew Isbell, Jacob Ogles, and Mary Ellen Klas.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2025.

ANDREW L. BRASHER
UNITED STATES CIRCUIT JUDGE

THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record