UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, et al.,

    Plaintiffs,

v.                              Case No. 8:24-cv-00879-CEH-TPB-ALB

BEN ALBRITTON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Defendant Florida Secretary of State Cord Byrd's Motion for Prevailing Party Costs (Doc. 181) and Plaintiffs' Response (Doc. 185). By the Motion, Defendant seeks an award of $9,044.20 in prevailing party costs (Doc. 181, at 1). The Court referred the Motion to the undersigned for a Report and Recommendation. The undersigned held a hearing on the matter on October 28, 2025 (Doc. 190). For the following reasons, the undersigned recommends that the Court grant the Motion.

**I.  Background**

Plaintiffs brought this action to challenge Florida Senate District 16 as racially gerrymandered in violation of the Fourteenth Amendment (Doc. 177, at 1). After holding a bench trial, the Court entered judgment in favor of Defendants and against Plaintiffs (Doc. 179). Now, Defendant Byrd, as a prevailing party, seeks the following costs: $260.00 in discovery subpoena costs; $2,966.20 in deposition

transcript costs; $438.00 in summary judgment hearing transcript costs; $5,100.00 in trial transcript costs; and $280.00 in expert trial travel reimbursement (Docs. 180, 181). Included in the $2,966.20 in deposition transcript costs is a $598.40 charge for a copy of the deposition transcript for Professor Mary Adkins (Doc. 180-1, at 6). Defendant retained Professor Adkins to prepare an expert report and testify about "whether the Fair District Amendments (and its non-diminishment provision) could serve as a compelling governmental interest in an equal-protection analysis" (Doc. 181, at 3–4). The Court denied Defendant Byrd's summary judgment motion on that basis (Doc. 181, at 4). Plaintiffs deposed Professor Adkins, and she was included as a witness on the parties' final pretrial statement, but she did not ultimately testify at trial (Doc. 181, at 3).

## II. Legal Standard

The prevailing party in a civil case is presumptively entitled to recover costs under Federal Rule of Civil Procedure 54. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). But this presumption comes with several caveats. Rule 54 does not permit a winning litigant to seek "every expense he has seen fit to incur in the conduct of his case." *TA Chen Int'l, Inc. v. Benada Aluminum Prod., LLC*, No. 6:20-cv-659-PGB-EJK, 2021 WL 7542044, at *1 (M.D. Fla. June 1, 2021). Recoverable costs are limited to the items in 28 U.S.C. § 1920 and related statutes. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Under § 1920, the following costs may be taxed by a judge or clerk of any federal district court:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6). Even if recoverable, Rule 54 allows federal courts discretion to refuse costs that are unreasonable or improper, provided the court articulates a sound basis for doing so. *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

### III. Discussion

Defendant argues that all the costs listed in its Bill of Costs (Doc. 180) are recoverable under Rule 54 and § 1920. In response, Plaintiffs concede that Defendant is a prevailing party entitled to costs and object only to the inclusion of $598.40 for a copy of the deposition transcript of Professor Mary Adkins (Doc. 185, at 1). Plaintiffs argue that Professor Adkins's deposition transcript cost should not

be recoverable because it was not "necessarily obtained by the Secretary for use in this case" (Doc. 185, at 6). The undersigned finds that the remaining costs are properly recoverable under the relevant rules. The Court should also allow Defendant to recover the cost of Professor Adkins's deposition transcript.

"Costs for transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under § 1920(2)." *GEICO Gen. Ins. Co. v. Berguiristain*, No. 5:15-CV-45-OC-30PRL, 2017 WL 444695, at *2 (M.D. Fla. Feb. 2, 2017). Use of a deposition at trial or in a summary judgment motion "tends to show that the deposition was necessarily obtained for use in a case," but "such a showing is not necessary" for the cost to be recoverable. *Watson v. Lake County*, 492 F. App'x 991, 996 (11th Cir. 2012) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The Eleventh Circuit has held that "even where a deposition is not ultimately used as part of a prevailing party's case" the cost may be recoverable "where no evidence shows that the deposition was unrelated to a key issue in the case at the time it was taken." *Id.* at 996–97.

Here, Plaintiffs argue that Professor Adkins's deposition was not necessarily obtained for use in this case because neither party cited the deposition at summary judgment or trial, and Defendant did not include Professor Adkins in his trial brief or final witness list (Doc. 185, at 6). Plaintiffs' argument encourages the Court to adopt a narrower view of which costs can be recovered than that articulated in *Watson* and *W & O Inc*. Plaintiffs, however, put forward no evidence that Professor

Adkin's expert opinion was "unrelated to an issue in the case at the time it was taken. *Watson*, 492 F. App'x at 997. In fact, Defendant asserts that the Court denied summary judgment on a basis that was closely related to the topic of Professor Adkins's expert opinion, and the Plaintiffs do not refute that argument in their response. Although her deposition was never ultimately used at trial or cited in summary judgment motions, her opinion addressed an important issue in the case, and the parties prepared the witness and her deposition for trial by including her in the parties' final pretrial statement. Thus, Defendant's cost to obtain the transcript of Professor Adkins's deposition should be recoverable along with the remainder of Defendant's requested costs.

Accordingly, it is hereby

RECOMMENDED:

1. Defendant Florida Secretary of State Cord Byrd's Motion for Prevailing Party Costs (Doc. 181) be GRANTED.

2. Defendant be awarded $9,044.20 in costs.

IT IS SO REPORTED in Tampa, Florida, this 6th day of November 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Charlene Edwards Honeywell
      Hon. Thomas P. Barber
      Hon. Andrew L. Brasher
      Counsel of Record